**UNITED STATES of America,**
**Plaintiff,**

v.

**Dana Michael IDE, Defendant.**

**Criminal Action No. 6:01–cr–00256–03.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Sept. 1, 2009.

Miller A. Bushong, III, U.S. Attorneys, Charleston, WV, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

JOSEPH R. GOODWIN, Chief Judge.

On June 4, 2009, the Government filed a Petition for Revocation of Supervised Release as to Dana Michael Ide, contending that Ide had failed to the submit monthly reports required by the conditions of his supervised release [Docket 196]. On July 17, 2009, Ide filed a Motion to Dismiss the Government's Petition [Docket 207], and the Government filed a Response on July 28, 2009 [Docket 209]. The question presented by these filings is whether 18 U.S.C. § 3624(e) automatically tolled Ide's term of federal supervised release for the period that he was in state confinement prior to his state-court conviction, and thus, whether Ide was under supervised release when the Government filed the Petition.

On August 24, 2009, concluding that § 3624(e) tolled Ide's supervised release term, I granted the Government's petition, and revoked Ide's supervised release [Docket 213]. This Memorandum Opinion and Order provides the reasons for my ruling. Accordingly, consistent with my August 24, 2009 bench ruling, the defendant's Motion to Dismiss is **DENIED**.

## I. Factual Background

On February 4, 2002, Ide pleaded guilty in this court to one count of conspiracy to distribute heroin. On May 13, 2002, I sentenced him to 30–months imprisonment, to be followed by a 3–year term of supervised release. Ide completed his term of imprisonment, and his term of supervised release commenced on February 11, 2004.

On January 21, 2005, while he was on federal supervised release, Ide was arrested in Davisville, West Virginia, on state drug charges. Ide did not post bond and therefore remained in state confinement through his trial.[1]  On September 1, 2005,

---

**1.** While confined on the state charges, Ide's Federal Probation Officer filed a Petition to Revoke the defendant's supervised release, and an arrest warrant was issued. No action was taken on the Petition, and Ide later filed a Letter–Form Motion [Docket 187] requesting

Ide was convicted on the state drug conspiracy charge, and, on November 14, 2005, the state court sentenced him to a term of imprisonment of between two and five years. At sentencing, the state court credited the time that Ide spent in pretrial detention as time served toward his sentence. The defendant completed his sentence on July 22, 2007. On June 4, 2009, the Government filed the pending Petition for Revocation of Ide's federal supervised release.

## II. Discussion

■ This dispute centers on whether Ide's federal supervised release term continued to run while he was in state confinement prior to his conviction on the state drug conspiracy charge. Section 3624(e) of Title 18 provides, in pertinent part, that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e).

Ide contends that the time during which he was in state confinement prior to his conviction should count toward his term of federal supervised release, because during that time he was not "imprisoned in connection with a conviction," as he had not yet been convicted. (Mot. Dismiss Pet. 3.) Thus, when the Government filed the Petition for Revocation, Ide contends that he was no longer subject to federal supervised release. The Government counters that Ide was subject to § 3624(e)'s tolling provision, because his pre-conviction detention was "in connection with a conviction" at the moment of conviction of the state crime. (U.S. Resp. Def.'s Mot. Dismiss Pet. 3 [Docket 209].) Under the

Government's interpretation, Ide still had approximately two months of supervised release remaining on his federal sentence when the Petition for Revocation was filed.

This case presents a question of first impression in this court and in the Fourth Circuit. Because this issue is a question of statutory interpretation, I must begin with the text of the statute. *U.S. Dep't of Labor v. N.C. Growers Ass'n,* 377 F.3d 345, 350 (4th Cir.2004). In so doing, I must "give the terms their 'ordinary, contemporary, common meaning, absent an indication Congress intended [them] to bear some different import.'" *Stephens ex rel. R.E. v. Astrue,* 565 F.3d 131, 137 (4th Cir.2009) (quoting *North Carolina ex rel. Cooper v. Tenn. Valley Auth.,* 515 F.3d 344, 351 (4th Cir.2008)).

The text of § 3624(e) presents at least two potential interpretations, as evidenced by a split in the federal courts of appeals. The first interpretation, adopted by the Ninth Circuit and advanced by Ide, stresses the statute's use of the word "imprisonment." *United States v. Morales–Alejo,* 193 F.3d 1102 (9th Cir.1999). As the Ninth Circuit explained in interpreting § 3624(e),

> Congress uses the terms "imprisonment" and "detention" very differently in federal criminal statutes. The term "imprisonment" consistently is used to refer to a penalty or sentence. *See, e.g.,* 18 U.S.C. § 3559 (using the term imprisonment as meaning sentence after conviction); 18 U.S.C. § 3581 (same); 18 U.S.C. § 4101(b) (referring to imprisonment in the context of transfers to foreign countries and defining imprisonment as "a penalty imposed by a court under which the individual is confined to an institution"). In contrast, the term

a hearing on the Petition. On June 25, 2007, I dismissed that Petition for reasons appearing to the court [Docket 189].

"detention" is used to describe a mechanism to insure a defendant's appearance and the safety of the community. *See, e.g.,* 18 U.S.C. § 3142(c) (providing that a defendant may be held in pretrial detention in order to insure appearance for legal proceedings or the safety of the community); *United States v. Salerno,* 481 U.S. 739, 748, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (characterizing the statutes authorizing pretrial detention as regulatory in nature). *Id.* at 1105. Ide maintains that his pre-conviction confinement was a period of detention, not imprisonment, and that § 3624(e) is therefore inapplicable. Furthermore, under this view, the Congress's use of the phrase "in connection with any conviction" reveals that Congress intended that only imprisonment following a conviction would be tolled. *See id.* Thus, under the Ninth Circuit's interpretation of § 3624(e), the statute never applies to periods of pre-conviction detention.

The second interpretation—which has been applied by the Fifth and Sixth Circuits, and which the Government supports—reads the statute as automatically tolling a period of supervised release for the time the defendant was detained awaiting trial, so long as the defendant is ultimately convicted. *United States v. Molina–Gazca,* 571 F.3d 470 (5th Cir.2009); *United States v. Goins,* 516 F.3d 416 (6th Cir.2008). This view stresses that the statute tolls "*any period* in which the person is imprisoned *in connection with a conviction.*" 18 U.S.C. § 3624(e) (emphasis added). Thus, a conviction renders "any period" that the defendant spent in pre-conviction confinement "in connection with" that conviction. *See Molina–Gazca,* 571 F.3d at 474. Furthermore, under this view, Congress's use of the word "imprisonment" shows that it intended for the statute apply to any term of confinement "in connection with" a federal, state, or

local conviction, be it pre- or post-conviction. *See Goins,* 516 F.3d at 422.

I conclude that the language and structure of § 3624(e) support the second interpretation, that followed by the Fifth and Sixth Circuits. Therefore, the time that Ide spent in pre-conviction confinement did not count toward his period of federal supervised release. Both the text of § 3624(e) and the policies underlying federal supervised release lead me to this conclusion.

First, § 3624(e)'s text, while ambiguous, supports my conclusion. The phrase "imprisoned in connection with a conviction" reveals that the statute's tolling function is not limited to periods of post-conviction incarceration. If Congress had intended that limitation, it could have easily used language such as "following a conviction." But, by using the term "in connection with a conviction," however, Congress evidenced its intention that the statute apply more broadly than Ide suggests. *See Molina–Gazca,* 571 F.3d at 473 ("Pretrial detention falls within 'any period in which the person is imprisoned' and tolls the period of supervised release, provided a conviction ultimately occurs." (quoting 18 U.S.C. § 3624(e))).

Furthermore, the contention that Congress's use of the word "imprisonment" somehow limits the effect of § 3624(e) is unavailing. Ide correctly notes that Congress used the term "imprisonment" in § 3624(e), but used other terms, such as "detention," in other parts of Title 18. As the *Goins* court explained, however, " 'imprison' includes not only confinements as a result of a conviction, but any time the state detains an individual." *Goins,* 516 F.3d at 422. "Detention" is "[t]he act or fact of holding a person in custody." *Black's Law Dictionary* 459 (7th ed.1999). Similarly, "imprisonment" is "[t]he act of confining a person, esp. in a prison" or

"[t]he state of being confined; a period of confinement." *Id.* at 760–61. Contrary to Ide's contention, neither definition is tied to a temporal limitation such that "imprisonment," as that term is used in § 3624(e), could not include a period of pre-conviction detention. Nor do the two words offer mutually exclusive definitions. Although "imprisonment" is particularly apt to describe post-conviction incarceration, nothing in the definition of that word precludes it from also describing a pre-conviction confinement.

Additionally, Ide's interpretation of § 3624(e) would violate a long-standing canon of statutory interpretation by rendering superfluous the phrase "in connection with a conviction." *Goins,* 516 F.3d at 421. As the Fourth Circuit has explained, "[i]t is a classic canon of statutory construction that courts must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous." *Discover Bank v. Vaden,* 396 F.3d 366, 369 (4th Cir.2005) (internal quotation marks omitted), *overruled on other grounds by Vaden v. Discover Bank,* 556 U.S. ——, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009). If Congress intended "imprisonment" to apply only to post-conviction incarceration, then there would have been no reason for it to also include the phrase "in connection with any conviction." Thus, my interpretation of the statute gives effect to Congress's chosen language.

Second, the policies underlying supervised release support my interpretation of § 3624(e). In *United States v. Johnson,* 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000), the Supreme Court addressed whether a defendant's term of supervised release should be reduced after two of his convictions were vacated and his sentence was reduced to a term less than that already served. The Court held that the defendant was not entitled to any reduc-

tion in his term of supervised release, because his term of supervision did not commence until he was actually released from prison, not from when he should have been released. The Court noted that its decision "accords with the statute's purpose and design. The objectives of supervised release would unfulfilled if excess prison time were to offset and reduce terms of supervised release." *Johnson,* 529 U.S. at 59, 120 S.Ct. 1114. The Court explained that "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* at 59, 120 S.Ct. 1114.

Similar to the petitioner's argument in *Johnson,* Ide's argument falls flat in light of congressional policies supporting supervised release. Supervised release is just that—supervised *release.* It is intended to allow a person to function outside of the confines of incarceration and to allow the court to observe how he reacts and operates in the world. This function is not served while a person is being held in state confinement.

Ide offers several functional objections to my interpretation of § 3624(e). He urges that this interpretation is "backward-looking," as it requires a federal court to look backward from the date of conviction to determine whether the person was confined prior to the conviction. Therefore, he contends, district courts could face difficulties in determining how much supervised release time is left on a particular defendant's sentence. This objection lacks merit. A federal district court, faced with a petition like the one this court faces, simply needs to look to whether there is a conviction following the period of detention. If there is, then § 3624(e) applies.

Ide further observes that a person's period of federal supervised release time could expire while he is in custody awaiting trial on another charge. Accordingly, Ide argues that if § 3624(e) tolls the supervised release period, a federal court will not know whether it has jurisdiction over a supervised-release revocation matter until there is a conviction or acquittal. As the Sixth Circuit explained in *Goins,* "the severity of this problem is likely overstated ... [because i]n most cases, the Sixth Amendment and the Speedy Trial Act of 1974 would ensure that this zone of indeterminacy is quite short." *Goins,* 516 F.3d at 423 (citing U.S. Const. Amend. VI; 18 U.S.C. § 3161(b), (c)(1)). Furthermore, such a circumstance would only arise in the situation where a person's period of supervised release would have ended during the time he is awaiting trial and the Government has not filed a Petition to Revoke. As the Sixth Circuit concluded, when a district court is faced with this rare circumstance, the court could "continue the proceedings until a conviction or an acquittal is rendered in the other case." *Id.* at 424. In any event, such a circumstance is not present in this case, and I reject the defendant's argument on this point.

The particular circumstances of Ide's sentence further underscore my conclusion. Ide was sentenced by the state court to between two and five years in prison. The court, however, credited his sentence with the time he served in pre-conviction incarceration. Ultimately, Ide served less than two years on his state sentence. Therefore, even if § 3624(e) does not toll every defendant's supervised release period, it must toll it in a circumstance such as this, where the defendant's sentence is credited with that time. Such a period of pre-trial incarceration must be "in connection with a conviction," as it is counted as part of the post-conviction sentence.

## III. Conclusion

■ For the reasons explained above, I conclude that 18 U.S.C. § 3624(e) requires that a term of supervised release be tolled for a period of pre-conviction incarceration when the defendant is ultimately convicted. In this case, Ide's supervised release term began on February 11, 2004. He was arrested on January 21, 2005, and confined awaiting trial after his failure to post bond. Ide was then convicted of the state charge in September 2005 and sentenced to two to five years in prison. After receiving credit for time served while awaiting trial and sentencing, Ide was released on July 22, 2007, and he returned to federal supervision that day. Pursuant to the above reasoning, Ide was imprisoned "in connection with a conviction" from January 22, 2005 (the date of his arrest), through July 21, 2007 (the date of his release from the state conviction). Section 3624(e) of Title 18 therefore requires that the time Ide spent in pre-conviction confinement not be counted toward his period of federal supervised release.

Ide served 11 months and 11 days of federal supervised release before he was detained on the state drug charges. Upon his release from state imprisonment on July 22, 2007, Ide had 24 months and 19 days remaining on his original three-year term of federal supervised release. Thus, Ide's supervised release was scheduled to terminate on August 9, 2009. Because the Government's Petition for Revocation was filed on June 4, 2009, it is timely and this court has jurisdiction over the defendant. Therefore, consistent with my August 24, 2009 bench ruling, the defendant's Motion to Dismiss [Docket 207] is **DENIED.**

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States

Marshal. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd. uscourts.gov.