UNITED STATES of America, Plaintiff–Appellee,

v.

Jose MORALES–ALEJO, Defendant–Appellant.

No. 98–30138.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1999.

Filed Oct. 5, 1999.

---

Nancy Bergeson, Assistant Federal Public Defender, Portland, Oregon, for the defendant-appellant.

Gary Y. Sussman, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

Before: CANBY, and T.G. NELSON, Circuit Judges, and FOGEL, District Judge.[1]

FOGEL, District Judge:

This case presents the issue of whether pretrial detention operates to toll a term of supervised release under 18 U.S.C. § 3624(e), which provides for tolling "during any period in which the person is imprisoned in connection with a conviction ... unless the imprisonment is for a period of less than 30 consecutive days." Appellant Jose Morales–Alejo ("Morales–Alejo") contends that pretrial detention does not operate to toll a term of supervised release, and on this basis contends that the district court lacked jurisdiction to revoke a one-year term of supervised release which, absent tolling, had expired prior to the issuance of a warrant or summons. We agree and thus reverse and remand with instructions to vacate the order revoking the one-year term of supervised release and imposing a one-year term of imprisonment.

## BACKGROUND

On July 3, 1995, Morales–Alejo entered a plea of guilty to the offense of illegal reentry by an alien in violation of 8 U.S.C. § 1326(a). The plea was accepted by District Judge James A. Redden, who sentenced Morales–Alejo to a two-year term of imprisonment followed by a one-year term of supervised release.

Morales–Alejo's term of supervised release commenced on February 4, 1997, on which date he was deported. Subsequently, on August 27, 1997, Morales–Alejo was arrested by Oregon state authorities in connection with automobile burglaries. It is unclear from the record whether Morales–Alejo was charged with or convicted of the burglaries. Shortly thereafter, on October 16, 1997, Morales–Alejo was arrested by an agent of the Immigration and Naturalization Service and taken into custody. On October 21, 1997 he was indicted on a charge of illegal reentry and thereafter was placed in pretrial detention. He entered a plea of guilty before District Judge Ancer L. Haggerty on February 2, 1998.

On February 18, 1998, while Morales–Alejo was awaiting sentencing on the new reentry offense, the United States Probation Office submitted to Judge Redden a memorandum requesting revocation of the one-year term of supervised release which had been imposed in connection with Morales–Alejo's earlier reentry conviction. Judge Redden signed an order for issuance of a warrant and order to show cause regarding revocation on February 19, 1998, more than two weeks *after* the term of supervised release expired absent tolling.

Judge Haggerty conducted a joint hearing addressing both the sentencing on the new reentry conviction and the. revocation of the supervised release term arising out of the earlier reentry conviction. Mor-

---

1. The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

ales–Alejo moved to dismiss the revocation proceedings on the ground that the expiration of his supervised release term had deprived the district court of jurisdiction to revoke that term. Judge Haggerty rejected Morales–Alejo's argument, revoked the one-year supervised release term arising from the earlier reentry conviction and imposed a one-year imprisonment term to run consecutive to the sentence imposed on the new reentry conviction. Morales–Alejo appeals the revocation of the supervised release term and the imposition of the one-year imprisonment term resulting therefrom.

## STANDARD OF REVIEW

■ We review *de novo* whether the district court had jurisdiction to revoke Morales–Alejo's term of supervised release. *See United States v. Neville*, 985 F.2d 992, 994 (9th Cir.1993).

## DISCUSSION

A district court's authority to revoke a term of supervised release extends for a reasonable time beyond the expiration of the supervised release term if, *prior to expiration of the supervised release term,* a warrant or summons has been issued based upon an allegation that a condition of supervised release has been violated. *See* 18 U.S.C. § 3583(i). It is undisputed that the warrant in the present case issued more than two weeks after the term of supervised release had expired absent tolling.

The issue of tolling is governed by 18 U.S.C. § 3624(e), which provides in relevant part that:

A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(e). The question is whether Morales–Alejo's pretrial detention on the new reentry offense constituted imprisonment within the meaning of this statute.[2]

Morales–Alejo contends that pretrial detention does not constitute imprisonment under the statute, arguing that the terms "imprisoned" and "imprisonment" as used in the statute clearly refer to imprisonment after a judgment of conviction and not to custodial pretrial detention. The United States takes the contrary position, arguing that pretrial detention does constitute imprisonment within the meaning of the statute, at least in those cases in which the detainee ultimately is convicted of a new offense and receives sentence credit for the period of pretrial detention.

■ No reported decisions directly address the issue of whether a person in pretrial detention is "imprisoned in connection with a conviction" for purposes of § 3624(e). One of our prior decisions, *United States v. Crane*, 979 F.2d 687 (9th Cir.1992), touched on the issue briefly. In that case the appellant commenced a one-year term of supervised release on May 2, 1990, but absconded approximately four months later. He subsequently was arrested and convicted of a state law offense and was not returned to federal custody until May 9, 1991, after completion of his state sentence. The supervised release term was revoked on May 29, 1991, and the appellant was sentenced to an additional year of imprisonment. He appealed the revocation of the supervised release term, in part on the ground that the district court had lost jurisdiction to revoke the supervised release term upon its expiration on May 2, 1991.

We concluded that the supervised release term was tolled while the appellant was a fugitive. *Crane*, 979 F.2d at 691. We further concluded that the supervised

**2.** There are other means by which a term of supervised release may be tolled. For example, we have held that a term of supervised release is tolled while the defendant is a fugitive. *See United States v. Crane*, 979 F.2d 687,

691 (9th Cir.1992). However, under the facts of the present case the only applicable tolling mechanism is that provided under 18 U.S.C. § 3624(e).

release term was tolled pursuant to § 3624(e) while the appellant was in state custody. *Id.* We did not distinguish between the period in which the appellant was in state custody as a pretrial detainee and the period in which he was in state custody pursuant to the state conviction and sentence. *Id.* A determination on this issue was not necessary to our decision, however, because the district court would have retained jurisdiction to revoke the supervised release term even if tolling occurred only while the appellant was serving the sentence imposed after conviction on the state offense and not during pretrial detention. Accordingly, because we did not explicitly address in *Crane* the issue of whether pretrial detention tolls a supervised release term pursuant to § 3624(e), we treat the issue as a matter of first impression.

■■■ In construing a statute as a matter of first impression, we first must look to the statutory language: "The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter." *Good Samaritan Hospital v. Shalala,* 508 U.S. 402, 409, 113 S.Ct. 2151, 124 L.Ed.2d 368 (1993) (internal citations and quotations omitted); *see also United States v. Hockings,* 129 F.3d 1069, 1071 (9th Cir.1997). If the statutory language is unclear, we must attempt to determine Congressional intent from the legislative history. *See Hockings,* 129 F.3d at 1071.

We conclude that the intent of Congress is apparent from the language of the statute. Section 3624(e) provides for tolling when the person is "imprisoned in connection with a conviction." A plain reading of this language suggests that there must be an imprisonment resulting from or otherwise triggered by a criminal conviction. Pretrial detention does not fit this definition, because a person in pretrial detention has not yet been convicted and might never be convicted.

Moreover, Congress uses the terms "imprisonment" and "detention" very differently in federal criminal statutes. The term "imprisonment" consistently is used to refer to a penalty or sentence. *See, e.g.,* 18 U.S.C. § 3559 (using the term imprisonment as meaning sentence after conviction); 18 U.S.C. § 3581 (same); 18 U.S.C. § 4101(b) (referring to imprisonment in the context of transfers to foreign countries and defining imprisonment as "a penalty imposed by a court under which the individual is confined to an institution"). In contrast, the term "detention" is used to describe a mechanism to insure a defendant's appearance and the safety of the community. *See, e.g.,* 18 U.S.C. § 3142(c) (providing that a defendant may be held in pretrial detention in order to insure appearance for legal proceedings or the safety of the community); *United States v. Salerno,* 481 U.S. 739, 748, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (characterizing the statutes authorizing pretrial detention as regulatory in nature).

The United States points out that when a pretrial detainee ultimately is convicted, he or she receives sentence credit for the period of pretrial detention. *See* 18 U.S.C. § 3585(b)(1). Viewing the pretrial detention period in retrospect, then, the United States argues that the detention period becomes part of the sentence if the detainee is convicted. This proposed construction is not supported by the statutory language, which gives no indication that Congress ever contemplated the type of backward-looking analysis suggested. Furthermore, the proposed construction is impractical. A judge attempting to determine jurisdiction based upon tolling due to pretrial detention would be unable to make the required determination in any case in which a judgment of conviction had not yet been entered.[3] This would be true

---

3. The tolling question might remain unresolved even after entry of a judgment of conviction, because computation of credit for pretrial detention is not performed at the sentencing phase but rather after the defendant is received by the Bureau of Prisons. *See United States v. Wilson,* 503 U.S. 329, 334–35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Thus a district court attempting to apply the rule suggested by the United States would not

even in cases where, as here, the defendant had entered a plea of guilty and was awaiting sentence. The entry of a guilty plea does not guarantee an ultimate conviction, because the plea may be withdrawn under a variety of circumstances. Consequently, the United States' construction simply does not fit the plain language of the statute.

## CONCLUSION

Based upon the foregoing, we conclude that pretrial detention does not constitute an "imprisonment" within the meaning of § 3624(e) and thus does not operate to toll a term of supervised release. Accordingly, we REVERSE and REMAND with instructions to vacate the order revoking Morales–Alejo's one-year supervised release term and imposing a one-year term of imprisonment.

REVERSED AND REMANDED.

know even after entry of the judgment of conviction how much of the pretrial detention period operated to toll the supervised release term.

