IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2009

Charles R. Fulbruge III
Clerk

Nos. 08-50619 &
08-50620

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALEJANDRO MOLINA-GAZCA,
also known as Alejandro Martinez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, ELROD, Circuit Judge, and GUIROLA, District

Judge.[*]

LOUIS GUIROLA, JR., District Judge:

Alejandro Molina-Gazca appeals the revocation of his supervised release

contending that the district court lacked jurisdiction.  In this case, the court is

[*] District Judge, Southern District of Mississippi, sitting by designation.

called upon to interpret the breadth of the supervised release tolling provision in 18 U.S.C. § 3624(e). Finding that Molina-Gazca's pretrial detention was "in connection with" a conviction and thus tolled the period of supervised release, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Molina-Gazca pleaded guilty to possession with the intent to distribute and importation of marijuana. The district court sentenced Molina-Gazca to concurrent terms of sixty-four months imprisonment and three years of supervised release. After release from imprisonment, Molina-Gazca's term of supervised release commenced on November 3, 2003. The term of supervised release was scheduled to expire on November 2, 2006.

According to the record, New Mexico authorities arrested Molina-Gazca and charged him with several serious felony offenses on July 8, 2005. He remained in custody pending trial. On November 15, 2006, Molina-Gazca was convicted. He was sentenced to 39 years imprisonment on September 24, 2007. At sentencing Molina-Gazca was given credit for the time he served in pretrial custody.

The government moved to revoke Molina-Gazca's supervised release. The government cited the New Mexico conviction and asserted that "terms of supervision are tolled (i.e., do not run) while the offender is imprisoned for 30

or more consecutive days in connection with a conviction." A revocation warrant was issued on May 3, 2007, almost six months after Molina-Gazca's period of supervised release was set to expire and after his November 15, 2006, New Mexico conviction. At the revocation hearing, Molina-Gazca argued that the district court lacked jurisdiction over the matter because pursuant to § 3624(e) his time in pretrial custody did not toll his term of supervised release.

In determining that it had jurisdiction to revoke Molina-Gazca's supervised release, the district court recognized that although there was no binding precedent in this circuit, two other circuit courts had considered the issue and reached opposite conclusions. The Ninth Circuit, in United States v. Morales-Alejo, 193 F.3d 1102 (9th Cir. 1999), held that a conviction must occur within the term of supervised release for the pretrial detention period to toll the period of supervised release. Instead, the district court relied on United States v. Goins, 516 F.3d 416 (6th Cir. 2008), which held that when a defendant is held for thirty days or longer in pretrial detention, and he is later convicted for the offense for which he was held, and his pretrial detention is credited as time served toward his sentence, then the pretrial detention is "in connection with" a conviction and tolls the period of supervised release under § 3624(e).

The district court ultimately concluded that Molina-Gazca had violated the terms of his supervised release and sentenced him to concurrent terms of

fifteen months imprisonment. The fifteen-month terms were ordered to run consecutively with the New Mexico judgment.

## STANDARD OF REVIEW

Molina-Gazca timely appealed from both judgments, invoking the court's jurisdiction over final sentencing decisions. See 18 U.S.C. § 3742(a). His appeal challenges the district court's jurisdiction to revoke his supervised release. "We review the district court's jurisdiction to revoke a defendant's supervised release de novo." United States v. Garcia-Avalino, 444 F.3d 444, 445 (5th Cir. 2006) (quoting United States v. English, 400 F.3d 273, 275 (5th Cir. 2005)); see also United States v. Jimenez-Martinez, 179 F.3d 980, 981 (5th Cir. 1999).

## DISCUSSION

No Fifth Circuit case decides the precise question of whether "imprisonment in connection with a conviction" applies to pretrial detention when the resulting conviction occurs after the period of supervised release is scheduled to expire. Despite both parties' arguments to the contrary, United States v. Jackson, 426 F.3d 301 (5th Cir. 2005) does not decide the question because of an important factual distinction. In Jackson, the defendant's toll-triggering conviction occurred before the end of the term of supervised release. In fact, the conviction in Jackson occurred before the term of supervised release had begun. Id. at 302–05. The only occasion to address the nature of the

4

imprisonment-conviction "connection" in Jackson was unrelated to the conviction's timing. Id. at 304-05.

"The appropriate starting point when interpreting any statute is its plain meaning." United States v. Elrawy, 448 F.3d 309, 315 (5th Cir. 2006). "In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988). The "supervision after release" provision of § 3624(e) provides in part that:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(e) (emphasis added).

Molina-Gazca argues that a conviction within the period of supervised release is necessary to trigger the tolling provision under § 3624(e). We disagree. In Jackson, the court held that the statutory text of § 3624(e) was unambiguous and provided that the period of supervised release does not run during imprisonment, without exception. 426 F.3d at 304. Congress could have

5

elected to restrict the application of § 3624(e) in the manner Molina-Gazca suggests. For example, Congress could have limited tolling to periods of imprisonment in connection with a conviction that "occurs during supervised release." However, § 3624(e) makes no distinction between pre-trial or post-conviction periods of imprisonment, but instead requires that "any period" of imprisonment be "in connection with a conviction" for tolling to apply. The phrase "imprisoned in connection with a conviction" plainly lacks any temporal limitation.

During oral argument, Molina-Gazca suggested that tolling the period of pretrial detention leaves a defendant in a state of "jurisdictional limbo" while the district court waits to see if a conviction will actually occur. We are aware that on rare occasions the tolling of supervised release during pretrial detention periods that are later connected to a conviction may create potential problems for judges seeking to establish whether they have jurisdiction to revoke a defendant's supervised release. However, it is the function of the court to apply § 3624(e) as written. To the extent that Congress's omission of a causal or temporal term results in uncertainty as to a defendant's status, our role is not to imply those limits when Congress could have done so in the first instance.

Molina-Gazca also argues that detention and imprisonment are not synonymous, and during his supervised release period, he suffered only

6

detention, and not imprisonment. In Morales-Alejo, the Ninth Circuit framed

the § 3624 question as whether "pretrial detention operates to toll a term of

supervised release" under § 3624, id. at 1105 and began with textual analysis:

> We conclude that the intent of Congress is apparent from the language of the statute. Section 3624(e) provides for tolling when the person is "imprisoned in connection with a conviction." A plain reading of this language suggests that there must be an imprisonment resulting from or otherwise triggered by a criminal conviction. Pretrial detention does not fit this definition, because a person in pretrial detention has not yet been convicted and might never be convicted.

Id. at 1103, 1105. In support of this construction, Morales-Alejo argued that

"Congress uses the terms 'imprisonment' and 'detention' very differently in

federal criminal statutes," and that while "'imprisonment' consistently is used

to refer to a penalty or sentence . . . 'detention' is used to describe a mechanism

to insure a defendant's appearance and the safety of the community."

> The term "imprisonment" consistently is used to refer to a penalty or sentence. See, e.g., 18 U.S.C. § 3559 (using the term imprisonment as meaning sentence after conviction); 18 U.S.C. § 3581 (same); 18 U.S.C. § 4101(b) (referring to imprisonment in the context of transfers to foreign countries and defining imprisonment as "a penalty imposed by a court under which the individual is confined to an institution"). In contrast, the term "detention" is used to describe a mechanism to insure a defendant's appearance and the safety of the community. See, e.g., 18 U.S.C. § 3142(c) (providing that a defendant may be held in pretrial detention in order to insure appearance for legal proceedings or the safety of the community).

Id. at 1105

In Goins, the Sixth Circuit was "hesitant to credit the Ninth Circuit's distinction between detention and imprisonment" because the resulting construction would render parts of the statute meaningless:

> If the Ninth Circuit were correct that Congress uses "imprisonment" only when it wishes to refer to a confinement that is the result of a penalty or sentence, then the phrase "in connection with a conviction" becomes entirely superfluous; "imprisonment," according to the Ninth Circuit's definition, would already mean that the confinement is the result of a conviction.

Id. at 421. The Goins court concluded that the plain meaning of "imprison" included any instance of state detention. Id. at 422. Goins also found support for its construction in "18 U.S.C. § 3585(b), which provides for 'credit toward the service of a term of imprisonment for any time [the defendant] has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed.'" Id. (alteration in original).

Other federal criminal code provisions make any distinction between imprisonment and detention less clear. For example, 18 U.S.C. § 3143 often uses variations of "imprison" and "detain" in close proximity, suggesting that the terms carry different meanings. See § 3143(a), (b)(1), (b)(2), (c)(1).[1] But, 18

---

[1] For example: "The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained." § 3143(b)(2) (emphasis added).

U.S.C. § 3041, under the general arrest provisions, would seem to reject an imprisonment-detention distinction by providing that offenders may be "arrested and imprisoned or released as provided in chapter 207 of this title ["Release and Detention of a Defendant Pending Judicial Proceedings"], as the case may be, for trial before such court of the United States as by law has cognizance of the offense." 18 U.S.C. § 3041 (emphasis added).

We agree with the Sixth Circuit's reasoning in Goins. If the term "imprisonment" only refers to confinement that is the result of a penalty or sentence, then the phrase within § 3624(e), "in connection with a conviction," is superfluous. "[W]hen interpreting a statute, it is necessary to give meaning to all its words and to render none superfluous." United States v. Rayo-Valdez 302 F.3d 314, 318 (5th Cir. 2002); see also United States v. Vargas-Duran, 356 F.3d 598, 603 (5th Cir. 2004) (holding that rules of statutory interpretation "requires us, when possible, to give each word in a statute operative effect"). Pretrial detention falls within "any period in which the person is imprisoned"and tolls the period of supervised release, provided a conviction ultimately occurs. This plain meaning interpretation of § 3624(e) gives effect to all of its terms.

Molina-Gazca was arrested and convicted. At sentencing, his period in pretrial detention was credited as time served on his New Mexico conviction. Thus, his pretrial period of imprisonment was in connection with the conviction.

9

The district court correctly concluded that pursuant to § 3624(e) Molina-Gazca's supervised release period was tolled during the pretrial detention in connection with the New Mexico conviction and that it had jurisdiction to revoke his supervised release.

## CONCLUSION

For the foregoing reasons, the district court's judgments are AFFIRMED.