13-1180-cr
United States v. Bussey

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

––––––––––––

August Term, 2013

(Argued: March 7, 2014      Decided: March 20, 2014)

Docket No. 13-1180-cr

––––––––––––

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

MICHAEL BUSSEY,

*Defendant-Appellant.*

––––––––––––

Before:

RAGGI AND LYNCH, *Circuit Judges*, MCMAHON, *District Judge*.[*]

––––––––––––

On this appeal from a conviction for violating the terms of supervised

release, defendant challenges jurisdiction, contending that, before imposition of

judgment, his three-year term of supervision had expired while he was in state

[*] The Honorable Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

1

custody for a parole violation. The jurisdictional challenge fails because defendant's state incarceration was "in connection with" an underlying conviction, thereby tolling his federal term of supervised release. 18 U.S.C. § 3624(e).

AFFIRMED.

---

ANNE M. BURGER, Assistant Federal Public Defender, Western District of New York, Rochester, New York, *for Defendant-Appellant*.

MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York, *for Appellee*.

---

REENA RAGGI, *Circuit Judge*:

Defendant Michael Bussey appeals from a judgment of conviction entered on March 25, 2013, in the Western District of New York (Charles J. Siragusa, *Judge*) for violation of a condition of supervised release imposed in connection with his earlier conviction for possession of a firearm by a convicted felon. See 18 U.S.C. § 922(g)(1). Sentenced to an additional two-year term of supervision for the violation, Bussey asserts that the district court lacked jurisdiction because his original three-year term of federal supervision expired before the challenged

2

judgment was entered and while he was incarcerated for a violation of state parole.

We review this jurisdictional challenge de novo, see United States v. Al Kassar, 660 F.3d 108, 117 (2d Cir. 2011), focusing on two statutes, 18 U.S.C. §§ 3624(e) and 3583(i). The latter provision states that the "power of the court" to revoke a term of supervised release and to impose punishment "extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration" if a warrant has been issued for such violation before the term's expiration. 18 U.S.C. § 3583(i). Meanwhile, § 3624(e) provides for tolling of supervision as follows: "A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." Id. § 3624(e).

The plain language of these statutes defeats Bussey's jurisdictional challenge, but a brief chronology is necessary to explain that conclusion. Bussey began serving his original three-year term of supervision on February 9, 2010, when he was released from federal custody. He was at the same time also

3

serving New York parole, awarded as an early release on the 42-month state sentence imposed for unlawful possession of a firearm. Approximately a year later, Bussey's whereabouts were unknown to either state or federal supervising authorities, prompting issuance of arrest warrants on April 1, 2011, by New York State for violation of parole, and on April 7, 2011, by the United States for violation of supervision. Taken into custody by state authorities, Bussey remained incarcerated until March 8, 2013, when he completed serving his 22-month parole revocation term. Bussey was immediately thereafter transferred to federal custody and, on March 20, 2013, first appeared on and was found guilty of violating the condition of supervision requiring that he notify a probation officer prior to a change in residence.[1] The district court sentenced him to time served (from March 8 to 20, 2013) and imposed an additional two years of supervision.

As this chronology shows, the April 7, 2011 federal warrant for Bussey's arrest issued well before his three-year term of supervision would have concluded on February 9, 2013, even without regard to tolling. In such circumstances, a district court clearly has jurisdiction to adjudicate a supervision

---

[1] Bussey does not challenge the district court's finding of guilt on this appeal, but only its jurisdiction to adjudicate him in violation of his supervision.

4

violation and may even do so "beyond the expiration of the term of supervised release" as "reasonably necessary." Id. § 3583(i). Any delay in this case was a function of Bussey's unavailability as a result of his state incarceration. Bussey submits that the delay was not reasonably necessary because the United States could have proceeded on the federal supervision violation by seeking a writ of habeas corpus ad prosequendum under the All Writs Act to secure his presence in federal court. See 28 U.S.C. § 1651. Even if this means of proceeding was available, however, the government's failure to employ it here does not defeat jurisdiction.

That is so because § 3624(e) expressly tolls supervision terms for "any period in which the person is imprisoned in connection with a conviction for a . . . State . . . crime." 18 U.S.C. § 3624(e). To the extent Bussey's three-year term of federal supervision was thus statutorily tolled approximately 14 months after it began—i.e., when he started his 22-month incarceration in New York for violating parole—his federal violation proceeding commenced and concluded within one month of release was timely, and the district court had jurisdiction to enter the challenged judgment.

In urging otherwise, Bussey maintains that his parole violation adjudication did not result in imprisonment "in connection with" a conviction for a state crime. Id. In support, he cites Morrissey v. Brewer, 408 U.S. 471, 480 (1972) (stating that "revocation of parole is not part of a criminal prosecution"). The argument is unconvincing.

Parole is a form by which New York prisoners may serve out their sentences for criminal convictions. See N.Y. Penal Law § 70.40(1)(a) (stating that parolee "shall continue service of his or her sentence or sentences while on parole"). Thus, while revocation of parole is not itself a criminal proceeding, the incarceration that results from revocation is a consequence of the underlying crime of conviction. Indeed, New York law provides that time served as a result of revocation must be credited against the original sentence. See id. § 70.40(3) (providing that original sentence must run while defendant is incarcerated for parole violation); cf. N.Y. Exec. Law § 259-i(3)(x)(D) (stating that harshest penalty for violating post-release supervision served after determinate prison sentence is "reincarceration up to the balance of the remaining period of post-release supervision, not to exceed five years"). In these circumstances, there is no denying that Bussey's 22-month term of incarceration was served "in connection

6

with" his conviction for a state crime. See Makagate v. Ashcroft, 385 F.3d 144, 154 (2d Cir. 2004) (stating that "in connection with" is expansive term synonymous with "relating to," "associated with," "with respect to," and "with reference to" (internal quotation marks omitted)); see also United States v. Jackson, 426 F.3d 301, 304–05 (5th Cir. 2005) (holding federal supervision tolled under § 3624(e) during state incarceration for parole violation).

United States v. Garcia-Rodriguez, 640 F.3d 129 (5th Cir. 2011), and United States v. Morales-Alejo, 193 F.3d 1102 (9th Cir. 1999), relied on by Bussey, warrant no different conclusion. In Garcia-Rodriguez, the Fifth Circuit ruled that supervision was not tolled during administrative detention pending deportation, see 640 F.3d at 133–34; in Morales–Alejo, the Ninth Circuit reached the same conclusion with respect to pre-trial detention where the defendant later pleaded guilty, see 193 F.3d at 1105; but see United States v. Goins, 516 F.3d 416, 423 (6th Cir. 2006) (holding that pre-trial detention credited against ultimate sentence triggers tolling). The reason for these conclusions is that such detentions could be imposed even absent conviction. Here, Bussey's parole obligation derived directly from his state criminal conviction, and his violation required him to continue serving the sentence imposed for that conviction from which he had

7

earlier been released. Thus, we hold that Bussey's New York reincarceration was "in connection with" his underlying state conviction for unlawful weapon possession, and that, as such, the district court still had jurisdiction in March 2013 to revoke his federal supervision.

Accordingly, the judgment of the district court is AFFIRMED.