# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued May 6, 2016          Decided July 19, 2016

No. 12-3086

UNITED STATES OF AMERICA,
APPELLEE

v.

BRIAN D. MARSH,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:03-cr-00423-1)

*Mary E. Davis*, appointed by the court, argued the cause and filed the briefs for appellant.

*Jay Apperson*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Elizabeth Trosman* and *Elizabeth H. Danello*, Assistant U.S. Attorneys.

Before: TATEL, SRINIVASAN, and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: This case raises the question whether 18 U.S.C. § 3624(e), which provides that "[a] term of supervised release does not run during any period in which [a] person is imprisoned in connection with a conviction for a Federal, State, or local crime," tolls a supervised-release term during a period of pretrial detention if the defendant is later convicted of the charges on which he is held and receives credit toward his sentence for the time served in pretrial detention. For the reasons set forth below, we hold that it does not.

**I.**

In 2004, appellant Brian Marsh pled guilty to one count of unlawful possession with intent to distribute 100 grams or more of phencyclidine. Shortly thereafter, the district court sentenced him to 63 months' imprisonment, followed by four years of supervised release. Marsh completed his term of incarceration on May 9, 2008. His term of supervised release was, therefore, set to expire on May 8, 2012.

Roughly nine months prior to that scheduled expiration, on August 11, 2011, Marsh was indicted for several new drug-trafficking offenses. He was arrested six days later, on August 17, and detained pending trial. He ultimately pled guilty to the new charges on June 19, 2012, and, on September 20, a different district judge sentenced him to 150 months' imprisonment, with credit for time served, followed by five years of supervised release.

Marsh's convictions for these later offenses established that he had violated the conditions of his supervised release by engaging in criminal activity. *See* 18 U.S.C. § 3583(d) (mandating, as a condition of supervised release, that "the defendant not commit another Federal, State, or local crime during the term of supervision"). Thus, on September 21, the

day after his sentencing in the second case, the district court that presided over his 2004 conviction held a hearing to address the apparent violation. At the hearing, the court purported to revoke Marsh's supervised-release term and to sentence him to the statutory maximum of 36 months' imprisonment, to run consecutive to the 150 months imposed for the new charges. *See* Revocation Hr'g Tr. 24 (Sept. 21, 2012); *see also* 18 U.S.C. § 3583(e)(3).

Marsh now appeals, raising two principal challenges. First, he contends that his supervised-release term ended on May 8, 2012, and that the district court consequently lacked jurisdiction in September 2012 to revoke his term of supervised release and to impose an additional period of incarceration. Second, he contends that even if the district court had jurisdiction, it plainly erred in sentencing him by, among other things, applying an across-the-board policy of imposing the maximum sentence available when a defendant commits a crime while on supervised release. Because we agree with Marsh's first challenge—that the district court lacked jurisdiction to revoke his term of supervised release and to impose a further period of incarceration—we need not address the alleged defects in the district court's sentencing procedures.

## II.

As a threshold matter, Marsh contends that, in September 2012, the district court lacked authority to revoke his term of supervised release and to impose an additional period of imprisonment because he was no longer under its supervision. We review that jurisdictional question de novo. *See Board of Trustees of Hotel & Restaurant Employees Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1483 (D.C. Cir. 1996); *see also, e.g.*, *United States v. Johnson*, 581 F.3d 1310, 1311

(11th Cir. 2009) (per curiam) (reviewing a district court's jurisdiction to revoke a supervised-release term de novo).

**A.**

Both parties agree that, absent tolling, Marsh's supervised-release term was set to expire on May 8, 2012. Both parties also agree that the district court had no authority to act after the expiration of Marsh's supervised-release term because no warrant or summons ever issued with respect to his supervised-release violation. *See* 18 U.S.C. § 3583(i) (providing that a district court's "power . . . to revoke a term of supervised release . . . and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration *if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation*" (emphasis added)).

The question, then, is whether Marsh's supervised-release term was tolled for any reason. The government argues that it was, and that it continued well beyond September 2012, because it was tolled during the thirteen months that Marsh was in pretrial detention for his new drug-trafficking offenses. The government relies on 18 U.S.C. § 3624(e), which provides that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period less than 30 consecutive days." As the government sees it, pretrial detention qualifies as a "period in which the person is imprisoned in connection with a conviction" if the defendant is ultimately convicted of the charges on which he is held and receives credit toward his sentence for the time served in pretrial detention. And because Marsh was later convicted of

the charges on which he was held from August 17, 2011, to September 20, 2012, and because he received credit toward his sentence for that time, the government contends that his supervised-release term continued well after September 2012.

Whether section 3624(e) tolls a term of supervised release during a period of pretrial detention where the defendant is ultimately convicted of the charges on which he is held is a matter of first impression in this circuit. Five other circuits have, however, considered the issue and are split.

One circuit—the Ninth—has ruled that "pretrial detention does not constitute an 'imprisonment' within the meaning of § 3624(e) and thus does not operate to toll a term of supervised release." *United States v. Morales-Alejo*, 193 F.3d 1102, 1106 (9th Cir. 1999). That court reasoned that the phrase "imprisoned in connection with a conviction" necessarily implies "imprisonment resulting from or otherwise triggered by a criminal conviction"—that is, imprisonment following, not preceding, a conviction. *Id.* at 1105. It further reasoned that "Congress uses the terms 'imprisonment' and 'detention' very differently," and that the former indicates "a penalty or sentence" following a conviction. *Id.* The court also saw nothing in the statute indicating that Congress intended courts to conduct "backward-looking" tolling analyses. *Id.* According to the court, moreover, such a backward-looking approach would be "impractical." *Id.* The court explained that if section 3624(e) tolls a supervised-release term while a defendant is in pretrial detention so long as he is ultimately convicted of the charges on which he is held and receives credit for time served, then there would be times when courts would be unable to determine whether they retained jurisdiction over defendants because those defendants had served time in pretrial detention

but had yet to be acquitted or convicted of the charges on which they were held. *Id.* at 1105–06.

After the Ninth Circuit ruled, four other circuits—the Fourth, Fifth, Sixth, and Eleventh—reached the opposite conclusion. The first of these to rule, the Sixth Circuit, began its analysis by rejecting the Ninth Circuit's conclusion that the word "imprisoned" necessarily refers to periods of confinement following a conviction. *See United States v. Goins*, 516 F.3d 416, 422 (6th Cir. 2008). In its view, the plain meaning of "imprisoned" is to be held in confinement by the state irrespective of whether that confinement precedes or follows a conviction. *Id.* The court further reasoned that the Ninth's Circuit's definition of "imprisoned" would render the phrase "in connection with a conviction" superfluous because "imprisoned" would already connote the existence of a conviction. *Id.* at 421. Having rejected the Ninth Circuit's analysis, the Sixth Circuit zeroed in on the phrase "in connection with a conviction" and concluded that it "plainly" encompasses periods of pretrial detention where the person is later convicted and receives credit for time served. *Id.* at 422. Those periods, the court stated, are periods of confinement served "in connection with a conviction." *Id.*

While acknowledging that its interpretation would sometimes require a backward-looking tolling analysis to determine whether a supervised-release term continues to run, the Sixth Circuit believed that "nothing in the statute suggests that only forward-looking analysis is appropriate." *Id.* Moreover, unlike the Ninth Circuit, it was unconcerned about the potential problems that judges might encounter in trying to ascertain their jurisdiction. *Id.* at 423. "The only time . . . [jurisdictional] indeterminacy would exist," the court explained, "is when . . . [a] defendant is between the period of his pretrial detention and the conclusion of his trial" because

*after* trial the judge would know whether the defendant was convicted of the charges on which he was held and, therefore, whether the pretrial-detention period tolled the defendant's supervised-release term. *Id.* On those "rare" occasions, the court saw "no reason why the judge who is asked to determine jurisdiction . . . could not continue the proceedings until a conviction or an acquittal is rendered in the other case." *Id.* at 424.

Shortly after the Sixth Circuit ruled, the Fourth, Fifth, and Eleventh circuits followed suit. *See United States v. Ide*, 624 F.3d 666, 667 (4th Cir. 2010); *United States v. Molina-Gazca*, 571 F.3d 470, 471 (5th Cir. 2009); *Johnson*, 581 F.3d at 1311–13. They generally agreed with the Sixth Circuit's reasoning, including its assessment that the phrase "imprisoned in connection with a conviction" makes no temporal distinctions between pre- and postconviction periods of confinement. *See Ide*, 624 F.3d at 670; *Molina-Gazca*, 571 F.3d at 473–74. The Fourth and Fifth circuits also reinforced the idea that the term "imprisoned" does not necessarily imply a period of confinement following a conviction, pointing out that Congress has used the term to refer to pretrial detention in at least one other statute. *Ide*, 624 F.3d at 670; *Molina-Gazca*, 571 F.3d at 474; *see also* 18 U.S.C. § 3041 (providing that, prior to trial, offenders may be "arrested and *imprisoned* or released as provided in chapter 207 of this title" (emphasis added)). The Fourth Circuit additionally stressed its view that the phrase "during any period" indicates Congress's intent to toll supervised-release terms during all periods of confinement—"both before and after a conviction"—so long as those periods are ultimately connected to a conviction, and that a contrary interpretation of the statute would "nullify the word 'any.'" *Ide*, 624 F.3d at 669.

**B.**

We begin our own inquiry into section 3624(e)'s meaning by examining its text. *See Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 407–10 (2011); *United States v. Cordova*, 806 F.3d 1085, 1098 (D.C. Cir. 2015) (per curiam). If the text is clear, we must enforce the statute as written. *Schindler Elevator Corp.*, 563 U.S. at 412; *Cordova*, 806 F.3d at 1098.

After carefully reviewing the statutory language, we conclude, as did the Ninth Circuit, that section 3624(e) does not toll supervised-release terms during periods of pretrial detention—though we reach that conclusion for different reasons than those articulated by the Ninth Circuit and advocated by Marsh. Notably, we do not rely on the phrase "imprisoned in connection with a conviction" to conclude that supervised-release terms are tolled only during periods of incarceration "resulting from or otherwise triggered by" criminal convictions. *Morales-Alejo*, 193 F.3d at 1105; Appellant's Br. 11–12. Nor do we rely on the statute's use of the word "imprisoned" as opposed to "detained." *See Morales-Alejo*, 193 F.3d at 1105; Appellant's Br. 12. Instead, our conclusion rests on a word that our sister circuits and the parties have appeared to ignore—the word "is."

Critically, the statute provides that "[a] term of supervised release does not run during any period in which the person *is* imprisoned in connection with a conviction for a Federal, State, or local crime . . . ." 18 U.S.C. § 3624(e) (emphasis added). By phrasing the statute in the present tense, Congress has foreclosed the type of backward-looking tolling analysis that the Fourth, Fifth, Sixth, and Eleventh circuits allow. When a person is held in pretrial detention, one cannot say that the person "*is* imprisoned in connection with a conviction for a Federal, State, or local crime" for an obvious

reason: he has yet to be convicted. To be sure, if the person is later convicted and receives credit for time served, it might be appropriate to say that the person *was* imprisoned or *has been* imprisoned "in connection with a conviction." But Congress did not phrase the statute in the past or present perfect tense; it framed it in the present.

Congress's use of the present tense matters. Both the Supreme Court and this court have frequently looked to verb tense to ascertain the meaning of statutes. *See, e.g.*, *Carr v. United States*, 560 U.S. 438, 447–49 (2010) (relying on Congress's use of the present as opposed to the past or present perfect tense to conclude that a statute should be given a "forward-looking construction"); *United States v. Wilson*, 503 U.S. 329, 333 (1992) ("Congress' use of a verb tense is significant in construing statutes."); *Sherley v. Sebelius*, 644 F.3d 388, 394 (D.C. Cir. 2011) ("The use of the present tense in a statute strongly suggests it does not extend to past actions."). "The Dictionary Act also ascribes significance to verb tense." *Carr*, 560 U.S. at 448. It provides that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise[,] . . . words used in the present tense include the future as well as the present." 1 U.S.C. § 1. "By implication, then, the Dictionary Act instructs that the present tense generally does not include the past." *Carr*, 560 U.S. at 448.

Of course, as the Dictionary Act states, if something in the context of section 3624(e) suggested that Congress intended a backward-looking tolling analysis, then the use of the present tense might not be dispositive. But nothing about the statute's context so indicates. Consequently, we believe that Congress's use of the present tense makes clear that the question whether a term of supervised release is tolled during a period of imprisonment is to be answered by looking at

present circumstances, i.e., by looking at whether the defendant's imprisonment is, at the time, connected to a conviction, rather than by looking retroactively at whether the period of imprisonment can be characterized as having been served in connection with a conviction.

Significantly, this interpretation gives effect to each word in the statute and avoids the kind of surplusage that concerned the Fourth and Fifth circuits. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 536 (2004) (recognizing courts' general "preference for avoiding surplusage constructions"). The phrase "in connection with a conviction" clarifies that the statute does not toll a term of supervised release any time the person "is imprisoned" or confined by the state, but rather only during those periods in which the person's imprisonment is triggered by a conviction. The phrase "during any period" clarifies that a term of supervised release is tolled not only during the period of imprisonment initially imposed upon conviction, but also any additional period of imprisonment flowing from a conviction, such as a period imposed for a supervised-release violation.

The interpretation we adopt also makes the most sense. As the Ninth Circuit observed, under the contrary interpretation, situations may arise in which district courts will be unable to determine whether they retain jurisdiction over defendants who had been under their supervision because it remains to be seen whether those defendants will be convicted of charges on which they were held in pretrial detention and, hence, whether their terms of supervised release will extend beyond their initial expiry dates. *See Morales-Alejo*, 193 F.3d at 1105–06. The idea that the statute would lead to such situations strikes us as rather odd. For one thing, we are unaware of any other area of the law in which district-court jurisdiction is similarly contingent on future

events, and the government was unable to point us to any at oral argument. For another, such situations appear rather unfair to defendants, who would have no idea whether they continue to be subject to court supervision. We doubt Congress intended to create such situations.

Finally, we note that if the system functions as Congress intended, tolling generally would be unnecessary for a district court to preserve its jurisdiction to revoke a defendant's supervised-release term in circumstances like those in this case. Under section 3583(i), a district court may address a supervised-release violation after the end of a supervised-release term if a warrant or summons issues prior to that term's expiration. 18 U.S.C. § 3583(i). That process—not followed here—provides fair notice to the defendant and certainty for all.

### III.

For the foregoing reasons, we conclude that the district court was without jurisdiction. Accordingly, we vacate the order revoking Marsh's supervised-release term and sentencing him to 36 months' imprisonment.

*So ordered.*