# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LARRY TAYLOR,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CR-62-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Larry Taylor challenges the revocation of his supervised release, claiming: because the revocation petition was filed after his term of supervised release expired, the district court lacked jurisdiction to order the revocation. The court, however, determined Taylor's supervised release was tolled for a total of 597 days, which rendered the petition timely.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60379

Taylor asserts the tolling period was miscalculated under 18 U.S.C. § 3624(e) because it included 125 days of pretrial detention. (He also questions the correctness of the date upon which his supervised release commenced, but fails to adequately brief that issue and, therefore, has waived its review. *E.g.*, *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (litigants represented by counsel not entitled to liberal construction of the pleadings)).

A district court's jurisdiction to revoke supervised release is reviewed *de novo*. *E.g.*, *United States v. Jackson*, 426 F.3d 301, 304 (5th Cir. 2005). It "has jurisdiction to revoke a defendant's supervised release during the term of supervised release, or within a reasonable time after the term of supervised release has expired if a summons or warrant regarding a supervised release violation was issued prior to the expiration of the term of supervised release". *Id.* (citing 18 U.S.C. § 3583(i)). Along that line, under 18 U.S.C. § 3624(e), "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days". 18 U.S.C. § 3624(e).

Taylor does not dispute he was detained for 125 days on the same drug charge for which he was later convicted. Instead, he contends we should follow *United States v. Marsh*, 829 F.3d 705 (D.C. Cir. 2016), which held: because a person in pretrial detention "has yet to be convicted", such detention cannot toll supervised release.

It goes without saying that *Marsh* is not controlling. *E.g.*, *United States v. Phillips*, 210 F.3d 345, 351 n.4 (5th Cir. 2000) (this court is not bound by the case law of another circuit). Moreover, we have addressed tolling under 18 U.S.C. § 3624(e) and have held: a "[p]retrial detention falls within [that statute's language concerning] 'any period in which the person is imprisoned'

2

No. 17-60379

and tolls the period of supervised release, provided a conviction ultimately occurs". *United States v. Molina-Gazca*, 571 F.3d 470, 474 (5th Cir. 2009).

Although Taylor asserts *Molina-Gazca* should be overruled, one panel of this court may not overrule the decision of another absent a change in law or a superseding en banc or Supreme Court decision. *E.g.*, *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002) (citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999)). Taylor fails to point to any such basis; and, our court has reiterated that *Molina-Gaz*ca "made clear that pretrial detention indeed tolls a term of supervised release so long as it is in connection with a conviction". *United States v. Juarez-Velasquez*, 763 F.3d 430, 434 (5th Cir. 2014).

Insofar as Taylor suggests in his reply brief that *Molina-Gazca* requires that time spent in pretrial detention must be credited as time served in order to be "in connection with a conviction" for purposes of 18 U.S.C. § 3624(e), that issue was not raised in his opening brief or by the Government. *See United States v. Davis*, 602 F.3d 643, 648 n.7 (5th Cir. 2010) ("although we need not consider these arguments because they are raised for the first time in his reply brief, we have discretion to do so"). In any event, Taylor's pretrial detention was credited as time served on his subsequent conviction.

Accordingly, because Taylor's 125 days of pretrial detention tolled his supervised release, *see Molina-Gazca*, 571 F.3d at 474; 18 U.S.C. § 3624(e), the revocation petition was timely and the district court had jurisdiction to order the revocation of supervised release, *see* 18 U.S.C. § 3583(i).

AFFIRMED.