*United States v. Cancer (Perry)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          ROBERT D. SACK,
          PETER W. HALL,
                    *Circuit Judges.*

———————————————————————————

United States of America,

    *Appellee*,

    v.                                    No. 18-1975

Elijah Cancer, AKA Sleeze, AKA Sleezy, Mundhir Connor, AKA Montana, AKA Major, Wister Farmer, AKA Wisk, AKA Wist Daddy, AKA Wister, Eric Foster, AKA E-Nasty, Owen Furthman, AKA Diz,

Justin Gaddy, AKA J-Black, Ladawn Harris, AKA Nana, AKA Nash, Anairian Kittle, AK, Michelle Knickerbocker, Kwon Lillard, AKA Killah, Kolby Martin, AKA HG, AKA Hollywood, AKA Holly G, AKA H, Holla Day, Jomeek McNeal, AKA Streets, AKA Meek Meek, Winfield C. Nicholson, AKA Champ, AKA Bamp, Alfonzo Parker, AKA Phat Phat, AKA Fat Fat, AKA Phatz14, Kenyan Poole, AKA KP, Dushawn Pough, AKA Sixx, AKA Six, Derrick Ruffin, AKA D-Black, Elijah Sims, AKA E-Head, AKA E, Nahmel Stratton, AKA Kid, AKA Kidco, AKA Biddy, Nakeem Stratton, AKA Bayshawn, AKA Little Bay, Dyjuan Tatro, AKA Dy, Kanan Tatro, AKA Kanya, AKA Kane, AKA BK, Charles Thompson, AKA Chuck, AKA Bula, Terrence Anthony, AKA T-Black, AKA Blacc,

*Defendants,*

Marcel Perry, AKA Juxx, AKA Jooks,

*Defendant-Appellant.*

_____

| | |
|---|---|
| For Appellant: | JOHN B. CASEY, Casey Law LLC, Cohoes, New York. |
| For Appellee: | PAUL D. SILVER, Richard D. Belliss, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York. |

2

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Marcel Perry was found to have violated a condition of his supervised release by possessing over two ounces of marijuana, in violation of N.Y. Penal Law § 221.15. The district court revoked Perry's term of supervised release, sentencing him to 12 months and a day imprisonment, to run concurrent with Perry's state imprisonment for a related parole violation, followed by 47 months of supervised release. Perry challenges the district court's violation holding on the basis that the court improperly relied on hearsay testimony in reaching its conclusion. Perry further challenges his 47-month term of supervised release as substantively unreasonable because it will not begin to run until he is released from state custody. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.

Perry contends that the district court abused its discretion in finding that he violated a condition of his supervised release by engaging in new criminal conduct. In support, Perry argues that the testimony of Detective Regan, the sole substantive witness for the government at the revocation hearing, included inadmissible hearsay and that without those statements the evidence was insufficient to prove it was more likely than not that Perry committed criminal possession of marijuana in the fourth degree.

A district court may revoke supervised release and impose a term of imprisonment if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Glenn*, 744 F.3d 845, 847-48 (2d Cir. 2014). "The preponderance of the evidence standard requires proof that the defendant's violation of supervision was more likely than not." *United States v. Edwards*, 834 F.3d 180, 199 (2d Cir. 2016). "We review such a preponderance finding only for abuse of discretion, which can consist of an error of law or a clearly erroneous assessment of the facts." *Id.* (citing *Glenn*, 744 F.3d at 847).

We also "accord strong deference to a district court's credibility determinations, particularly where that court based its findings on such determinations." *United States v. Carlton*, 442 F.3d 802, 811 (2d Cir. 2006). In overruling one of Perry's objections on hearsay grounds, the district court commented that "[o]rdinary rules of evidence do not apply for revocation hearing [sic]. All that's essential is some sense of reliability which is a judicial determination as to basis, among others, for my ruling this morning." Appellant App. at 36. The record is not clear what the district court's rationale for admissibility was, but we see two possibilities: that the challenged statements were not hearsay, or that even if they were hearsay, they were admissible.

We need not speculate as to whether the district court thought Detective Regan's testimony was or was not hearsay. If it was hearsay, as Perry insists, the district court was permitted to rely upon it. The Federal Rules of Evidence do not apply at supervised release revocation hearings, but a district court's findings must still be based on "verified facts" and "accurate knowledge." *United States v. Bari*, 599 F.3d 176, 178-79 (2d Cir. 2010) (in relaxing evidentiary constraints in revocation hearings, "verified facts" and "accurate knowledge" are the touchstones of our inquiry). Hearsay evidence may be admissible in a violation

5

of supervised release hearing if the district court determines that "good cause" exists, balancing the defendant's interest in confronting a declarant against the government's reasons for not producing the declarant-witness and the reliability of the proffered statement. *See* Fed. R. Crim. P. 32.1(b)(2)(C); *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006); *see also Morrisey v. Brewer*, 408 U.S. 471, 489 (1972) (due process right to confront and cross-examine adverse witnesses excused where "the hearing officer specifically finds good cause for not allowing confrontation").

In explaining that its ruling was based on "some sense of reliability . . . among other[] [bases]," Appellant App. at 36, we understand the district court may be saying that, even if the objected-to statements were hearsay, they would be admissible under the lowered standard that applies to revocation proceedings. It is not clear from the record that the district court admitted Detective Regan's testimony after balancing the precise factors we have mandated be considered. *See United States v. Chin*, 224 F.3d 121, 124 (2d Cir. 2000) ("We hold that the district court must balance the defendant's right of confrontation with the government's grounds for not allowing confrontation, and with the reliability of the evidence offered by the government.") (internal citations omitted). "In any event, a district

6

court's failure to comply with the interest-of-justice-determination requirement of Rule 32.1(b)(2)(C) and *Morrissey/* [*Gagnon v.*] *Scarpelli*[, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)] is subject to harmless-error analysis." *United States v. Aspinall*, 389 F.3d 332, 346 (2d Cir. 2002), *abrogated on other grounds by United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *as recognized in United States v. Fleming*, 397 F.3d 95, 99 & n. 5 (2d Cir. 2005).

While it would have been helpful if the district court walked through the good cause analysis that due process and Rule 32.1(b)(2)(C) require, even if the district court abused its discretion by not explicitly engaging in this interest-balancing, any error would be harmless. *See United States v. Williams*, 443 F.3d 35, 46 (2d Cir. 2006) ("We review the court's balancing of the Rule 32.1 factors for abuse of discretion."). The balance of interests comes out in favor of admissibility – while Perry's interest in confronting Chromczak is substantial and the government's interest, from this record, in not calling Chromczak to testify appears to be minimal, the reliability of Detective Regan's testimony as to the results of the field-testing and weighing is strong since he was present at the site

7

of the testing.[1]  *See Aspinall*, 389 F.3d at 346 (holding that any error by failure to engage in interest balancing was "entirely harmless" given the "strong evidence" of the reliability of documents that outweighed the defendant's interest in cross-examination).

In holding that Detective Regan's testimony is admissible, we wish to emphasize that it is generally not our position to engage in "good cause" balancing in the first instance and that district courts would be well advised to undertake a careful analysis when admitting testimony that may be inadmissible hearsay if not for the fact that the proceeding is a revocation hearing.   Nor do we suggest that hearsay with "some sense of reliability" will always outweigh a defendant's right in confronting an adverse witness in his revocation hearing.   Indeed, this is a rare case where the reliability of the statement (if it is hearsay) is so strong that it is admissible absent a material government interest.   We simply hold that, in this particular context, the district court did not err in admitting Detective Regan's testimony, and we cannot say that it was an abuse of discretion for the district

---

[1] It is worth noting that Perry had a full opportunity to cross-examine Detective Regan to determine whether he was testifying as to his own observations or to elicit further explanation of the circumstances surrounding the field-testing and weighing but failed to do so.

court to rely on it to find that Perry violated a condition of supervised release by engaging in new criminal conduct.[2]

## II.

Second, Perry contends that it was error for the district court to admit into evidence a police report authored by a non-testifying detective without first finding good cause to admit the hearsay testimony. Any error in the district court's admission of the police report into evidence was harmless, because the admissible testimony of Detective Regan was sufficient to support the district court's revocation of supervised release.

---

[2] In his reply brief, Perry argues that the government did not offer evidence to demonstrate that he knew the weight of the marijuana he possessed and contends that this is fatal to the government's case, asserting a violation of New York State law. "[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief." *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). Perry's argument is nonetheless foreclosed by amendments to New York's drug laws, which make clear that a defendant is not required to have knowledge of the weight of a substance, *see Dixon v. Miller*, 293 F.3d 74, 79 n.2 (2d Cir. 2002) ("The New York legislature . . . amend[ed] the law [for crimes committed after June 10, 1995] to eliminate knowledge of weight as an element of any drug offense. *See* N.Y. Penal Law § 15.20(4) (1997)."), nor does it matter to the extent his violation is also one of federal law.

III.

Third, Perry argues that his 47-month term of supervised release is substantively unreasonable because it will not begin until he is released from state custody, where he is serving a term of imprisonment for a related parole violation. Perry contends that, without getting credit for this concurrent state custody, his term of supervised release will essentially exceed the maximum number of months that can be imposed for his supervised release following a revocation under 18 U.S.C. § 3583(e)—here, sixty months—and is therefore unreasonable.

"A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e); *see also United States v. Johnson*, 529 U.S. 53, 57 (2000) ("[A] supervised release term does not commence until an individual 'is released from imprisonment'."). In *United States v. Bussey*, we explained that a term of incarceration that results from a revocation of parole in New York is served "'in connection with' [a defendant's] conviction for a state crime" for the purposes of 18 U.S.C. § 3624(e). 745 F.3d 631, 633 (2d Cir. 2014) (citation omitted). We will

10

not create a conflict between 18 U.S.C. § 3583, which governs the length of supervised release the district court may impose, and 18 U.S.C. § 3624(e), which requires tolling of the term of supervised release while Perry is imprisoned, by finding that the latter imposes an implicit limitation on the district court's authority under 18 U.S.C. § 3583. Perry's term of supervised release is not substantively unreasonable solely because it comports with applicable federal statutes.

The 47-month term of supervised release is not otherwise unreasonable. "We will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *Id.* at 188. Here, the district court, after considering the sentencing factors under 18 U.S.C. § 3553(a), Perry's arguments in favor of reducing the supervised release term to account for the time he will be imprisoned for his state parole revocation, and the federal interest that has to be accommodated for the supervised release violation,

11

imposed a reasonable sentence which did not exceed the statutory maximum under 18 U.S.C. § 3583. There is no indication that the district court's decision was outside of the range of permissible decisions, *id.* at 189, and we find no substantive error in the sentence imposed.

* * *

We have considered Appellant's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court