United States v. Glenn

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2013

(Submitted: February 11, 2014    Decided: March 12, 2014)

Docket No. 13-231

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

Appellee,

- v.-

CHAS GLENN,

Defendant-Appellant.*

- - - - - - - - - - - - - - - - - -x

Before:                 JACOBS, LIVINGSTON, and LYNCH, Circuit Judges.

Appeal from an order of the United States District Court for the District of

Connecticut (Hall, C.J.), revoking appellant Chas Glenn's supervised release

---

* The Clerk of Court is directed to amend the caption to conform with the above.

upon finding, based on Glenn's two <u>Alford</u> pleas entered in state court, that Glenn committed another offense in violation of the conditions of supervised release. We affirm.

JEFFREY C. KESTENBAND, The Kestenband Law Firm, LLC, Glastonbury, CT, <u>for Appellant</u>.

MICHAEL E. RUNOWICZ (Sandra S. Glover, <u>on the brief</u>), <u>for</u> Deirdre M. Daly, Acting United States Attorney for the District of Connecticut, New Haven, CT, <u>for</u> <u>Appellee</u>.

<u>Per curiam:</u>

Chas Glenn appeals from an order of the United States District Court for the District of Connecticut (Hall, <u>C.J.</u>), revoking his supervised release. The district court concluded that Glenn committed "another federal, state or local offense" in violation of the conditions of his supervised release, based solely on Glenn's pleas of guilty to state drug offenses entered under the <u>Alford</u>[1] doctrine.

---

[1] "Under <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished *as if he were guilty* to avoid the risk of proceeding to trial . . . ." <u>State v. Faraday</u>, 842 A.2d 567, 588 (Conn. 2004) (internal quotation marks omitted) (emphasis in original).

2

Because an <u>Alford</u> plea, under Connecticut law, constitutes an acknowledgment of the strength of the state's evidence, the district court did not abuse its discretion in concluding, by a preponderance of the evidence, that Glenn committed another offense in violation of the conditions of his supervised release.

## I

Within four months of his release from federal prison in November 2010, Glenn was arrested twice by New Haven police and charged with various violations of Connecticut law, including possession of a narcotic substance, possession of a narcotic substance with intent to sell, reckless endangerment, and engaging an officer in pursuit. Glenn pled guilty under <u>Alford</u> to two charges of possession of narcotics with intent to sell, and was sentenced to two and one-half years in state prison.

Shortly after his second arrest on these state law charges, Glenn was again arrested, this time by federal authorities, and charged with violating the following mandatory conditions of his supervised release:

3

- "The defendant shall not commit another federal, state, or local offense";

- "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to a controlled substance, except as prescribed by a physician"; and

- "The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."

Appendix ("App.") at 118.

At his revocation hearing, Glenn argued that his <u>Alford</u> pleas were insufficient to prove by a preponderance of the evidence that he had violated the conditions of his mandatory supervised release. The district court disagreed and, without a further evidentiary hearing, found that Glenn's state court convictions constituted "finding[s] that certainly [ ] it is more likely true than not that Mr. Glenn committed the crime he was charged with in those two proceedings." App. at 74. Glenn was sentenced to thirty six months' imprisonment, with fifteen of those months to be served concurrently with the state sentence he was already serving.

4

**II**

A district court's finding that a defendant has violated conditions of supervised release is reviewed for abuse of discretion, United States v. Spencer, 640 F.3d 513, 520 (2d Cir. 2011), and its factual findings are reviewed for clear error, United States v. Thomas, 239 F.3d 163, 168 (2d Cir. 2001). An abuse of discretion can consist of an erroneous view of the law or a clearly erroneous assessment of the evidence. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).

A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); see United States v. Carthen, 681 F.3d 94, 99-100 (2d Cir. 2012), cert denied, 133 S. Ct. 837 (2013). Because of the lower standard of proof applicable to revocation proceedings, a district court may find that a defendant has committed another crime even in the absence of a conviction for that crime. United States v. Carlton, 442 F.3d 802, 810 (2d Cir. 2006).

The sufficiency of the evidence to support a revocation of federal supervised release in federal court is a question of federal law; however, in assessing the significance of a conviction entered pursuant to a state procedure,

we look to state law to understand the nature of that procedure.  See, e.g., United States v. Poellnitz, 372 F.3d 562, 567 (3rd Cir. 2004); United States v. Verduzco, 330 F.3d 1182, 1185 (9th Cir. 2003).  In making this assessment, we look to the "practical consequences" of the plea, rather than to whether it is labeled a guilty plea, a plea of *nolo contendere*, or something else.  Alford, 400 U.S. at 37.

The Connecticut Supreme Court has explained that an Alford plea, though not an admission of guilt, constitutes an acknowledgment "that the state's evidence against [the defendant] is so strong that he is prepared to accept the entry of a guilty plea."  Faraday, 842 A.2d at 589 (quoting State v. Daniels, 726 A.2d 520, 522 n.2 (Conn. 1999), overruled in part on other grounds by State v. Singleton, 874 A.2d 1 (Conn. 2005)).  The entry of such a plea in Connecticut can establish a violation of a probation condition that the defendant not commit another offense.  Daniels, 726 A.2d at 524.

Thus, under Connecticut procedure, acceptance of an Alford plea represents a conclusion on the part of the court and the defendant himself that the evidence of guilt is so strong that a jury is likely to find the defendant guilty beyond a reasonable doubt.  As such a conclusion is constitutionally sufficient to permit entry of a judgment of guilt, a later court does not abuse its discretion by

6

relying on such a plea to determine by a preponderance of the evidence that the defendant committed the charged offense. The district court therefore committed no error of law when it relied on Glenn's <u>Alford</u> pleas to conclude, by a preponderance of the evidence, that Glenn had committed a state offense.

For this reason, the order of the district court is affirmed.