13-1119-cr
*United States v. Chatman*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

     At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand fourteen.

PRESENT:    JOHN M. WALKER, JR.,
              JOSÉ A. CABRANES,
              RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

UNITED STATES OF AMERICA,

     *Appellee,*

       v.                               No. 13-1119-cr

RAHEEM CHATMAN, AKA RAH,

     *Defendant-Appellant.*

| | |
|---|---|
| **FOR RAHEEM CHATMAN:** | Lori Cohen, Cohen & Funk, P.C., New York, NY. |
| **FOR UNITED STATES OF AMERICA:** | Jo Ann M. Navickas, Erik D. Paulsen, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

     Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Raheem Chatman appeals from the District Court's March 4, 2013 judgment convicting him, after a hearing, of three violations of the conditions of his supervised release, in violation of 18 U.S.C. § 3583(e)(3), and sentencing him to 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Sufficiency of the Evidence

We review a district court's finding that a defendant has violated conditions of supervised release for abuse of discretion, and its factual findings for clear error. *United States v. Glenn*, 744 F.3d 845, 847 (2d Cir. 2014). A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

Upon review of the record and relevant law, we conclude that the District Court was well within its discretion in finding that Chatman committed two violations of the condition that he "not commit another federal, state or local crime."[1] The District Court properly found that Chatman committed criminal contempt in the second degree, in violation of New York Penal Law § 215.50(3), when he violated a temporary order of protection prohibiting him from having unauthorized contact with Iziah Delva, the son of his former girlfriend, Kimberly McIntosh. The record contains unrebutted testimony from Delva's aunt showing that Chatman aggressively approached a car in which Delva was a passenger by speeding toward it on the wrong side of the road and stopping inches from the driver-side door. Earlier that day, Chatman had observed the same car picking Delva up after a supervised visit.

The District Court also properly found that Chatman committed assault in the third degree, in violation of New York Penal Law § 120.00. The record contains ample evidence showing that, hours after the incident described above, Chatman slapped McIntosh in the face and hit her with a hard plastic bottle, causing swelling and bruising to her face. On this record, we cannot conclude that the District Court abused its discretion or committed clear error.

## II. Reasonableness of the Sentence

We review criminal sentences for "reasonableness" under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be

---

[1] Chatman does not challenge his third violation of the conditions of his supervised release—his failure to complete 60 hours of community service. *See* Appellant's Br. 1.

located within the range of permissible decisions." *Id.* (internal quotation marks omitted). *See generally United States v. Park*, 758 F.3d 193, 199–201 (2d Cir. 2014).

Upon review of the record and relevant law, we conclude that the District Court's above-guidelines sentence of 24 months' imprisonment, which was the statutory maximum, was substantively reasonable. Considering the totality of the circumstances, including the District Court's emphasis on Chatman's repeated, violent behavior and numerous violations of supervised release, we cannot conclude that the District Court's sentence was outside "the range of permissible decisions" or otherwise an abuse of discretion. *Park*, 758 F.3d at 200; *Cavera*, 550 F.3d at 189.

## CONCLUSION

We have considered all of the arguments raised by defendant on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's March 4, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk