17-2178-cr
*United States v. Howard*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand eighteen.

PRESENT:　JOSÉ A. CABRANES,
　　　　　　GERARD E. LYNCH,
　　　　　　SUSAN L. CARNEY,
　　　　　　　　　　*Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　　　*Appellee,*

　　　　　v.　　　　　　　　　　　　　　　　　17-2178-cr

TYRONE HOWARD,

　　　　　　　*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Paul D. Silver, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY. |
| **FOR DEFENDANT-APPELLANT:** | James P. Egan, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Syracuse, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 29, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Tyrone Howard appeals from a June 29, 2017 judgment of the District Court revoking his supervised release and sentencing him to twenty-four months' imprisonment to be followed by twelve months' supervised release. On appeal, Howard argues that the District Court abused its discretion when it found, on the basis of purportedly unverified and insufficient evidence, that he committed a felony controlled substance offense while on supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

"A district court may revoke a term of supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Glenn*, 744 F.3d 845, 847 (2d Cir. 2014) (quoting 18 U.S.C. § 3583(e)(3)). At a supervised release revocation proceeding, a district court "need not comply with the Federal Rules of Evidence . . . so long as [its] findings are based on 'verified facts' and 'accurate knowledge.'" *United States v. Bari*, 599 F.3d 176, 179 (2d Cir. 2010) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). We review a district court's finding of a violation of supervised release for abuse of discretion and its factual findings for clear error. *United States v. Spencer*, 640 F.3d 513, 520 (2d Cir. 2011).

Upon review, we conclude that the District Court committed no error—much less clear error—when it found that Howard unlawfully distributed a controlled substance.

At the revocation proceeding, a probation officer testified that when Howard was arrested, law enforcement officials seized a cellular telephone (the "phone") from him. Joint App'x at 78–79. A forensic examination of the phone confirmed that it was Howard's: the device's contact information matched his, and it contained "selfie" photographs of him. *Id.* at 85–86. The phone also contained text messages showing that its user had been distributing "dope," "dub[s]," "dime[s]," "hard," and "food." *Id.* at 102–12. Substantial excerpts from those text messages were read into evidence, *id.*, and an investigator testified that "hard" and "food" are street names for crack cocaine and heroin, respectively, *id.* at 123–25. Based on this evidence and testimony, the District Court reasonably found, by a preponderance of the evidence, that Howard unlawfully distributed a controlled substance.

Howard correctly notes that the government did not present additional physical evidence directly linking him to the offense. Nor did the government establish a chain of custody for the phone or proffer a witness to testify about how the forensic examination was performed. But such evidence and testimony are not always necessary in a supervised release revocation proceeding, where the evidentiary constraints are "relaxed," *Bari*, 599 F.3d at 179, and the burden of proof is preponderance of the evidence, *Glenn*, 744 F.3d at 847. Here, the District Court properly concluded that the government satisfied its burden even in the absence of such evidence and testimony.

Accordingly, we affirm the judgment of the District Court.

## CONCLUSION

We have reviewed all of the arguments raised by Howard on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 29, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3