18-3311-cr
*United States v. Doka*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty.

PRESENT:     José A. Cabranes,
             Robert D. Sack,
             Raymond J. Lohier, Jr.,
                          *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,         18-3311-cr

    v.

ALBI DOKA,

    *Defendant-Appellant.*

---

FOR APPELLEE:       MATTHEW HELLMAN, Assistant United States Attorney (Jordan Estes, Won S. Shin, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:   JEREMIAH DONOVAN, Law Offices of Jeremiah Donovan, Old Saybrook, CT.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 18, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Albi Doka ("Doka") appeals from a judgment revoking his term of supervised release, following a violation hearing, in which the District Court found by a preponderance of the evidence that Doka committed three violations of his conditions of supervised release: (1) second-degree assault; (2) third-degree criminal possession of a controlled substance; and (3) use of controlled substances. Specifically, the District Court found that it was more likely than not that Doka assaulted a police officer while fleeing a lawful stop, possessed more than 300 pills of oxycodone with the intent to sell them, and used oxycodone on various dates while on supervised release. The District Court sentenced Doka principally to imprisonment for 48 months, to be followed by ten years of supervised release.

On appeal, Doka challenges the constitutionality of his revocation of supervised release, the sufficiency of the evidence supporting the District Court's findings that Doka committed the first two violations, and the reasonableness of his revocation sentence. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

In an opinion filed simultaneously herewith, we reject Doka's challenge to the constitutionality of the revocation of his term of supervised release. We now address the remainder of Doka's arguments and conclude that the judgment of October 18, 2018, should be affirmed in its entirety.

### I.  Challenge to the Sufficiency of the Evidence

Doka challenges the sufficiency of the evidence supporting the findings that Doka committed second-degree assault of a police officer and third-degree criminal possession of controlled substance, in violation of New York Penal Law and his conditions of supervised release.

The District Court was authorized to revoke Doka's term of supervised release and impose a term of imprisonment if it "f[ound] by a preponderance of the evidence, [as it did,] that [Doka] violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review the District Court's finding that Doka violated his conditions of supervised release for "abuse of discretion" and the factual findings for "clear error." *United States v. Glenn*, 744 F.3d 845, 847 (2d Cir. 2014) (citation omitted). In doing so, we "view the evidence in the light most favorable to the government," *United States v. Gasperini*, 894 F.3d 482, 485 (2d Cir. 2018) (internal quotation marks omitted), and "accord

2

strong deference to a district court's credibility determinations, particularly where that court based its findings on such determinations," *United States v. Carlton*, 442 F.3d 802, 811 (2d Cir. 2006). Moreover, so long as "'the district court's account of the evidence is plausible in light of the record viewed in its entirety,'" we "'may not reverse it even though [we are] convinced that [if we] had . . . been sitting as the trier of fact, [we] would have weighed the evidence differently.'" *United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

On review, we conclude that the District Court did not abuse its discretion in concluding, based on the totality of the record, that Doka violated his conditions of supervised release. We do so for substantially the reasons given by the District Court in its thorough and well-reasoned August 14, 2018 "Findings of Fact and Conclusions of Law," *see* App'x at 27–37, and its September 25, 2018 "Order and Revised Findings of Fact" denying Doka's Motion for Reconsideration, *see id.* at 39–44.

## II. Challenges to the Reasonableness of the Revocation Sentence

Doka also appeals both the procedural and substantive reasonableness of his revocation sentence. Specifically, Doka contends that the District Court committed procedural error at sentencing by failing to: (1) consider the policy statements of the Sentencing Commission ("Commission") regarding violations of supervised release; (2) provide notice of its intent to impose a sentence above the sentencing range of 30–37 months' imprisonment; and (3) explain adequately the revocation sentence. Doka also argues that his 48-month sentence of imprisonment is substantively unreasonable.

"We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (citation omitted). "A district court commits procedural error where it fails to calculate (or improperly calculates) the . . . [United States Sentencing Guidelines ("Guidelines")] range, treats the . . . Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citation omitted). Our review of a sentence for substantive reasonableness is "particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We will set aside a sentence as substantively unreasonable only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Id.* (internal quotation marks and citation omitted).

In the circumstances presented, we find no procedural error in the District Court's sentence. *First,* the District Court properly considered the Commission's Guidelines and policy statements, as the law requires, *see United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997), and there is no evidence in the record suggesting otherwise. *See* App'x at 239, 241, 251**.** The only evidence that Doka relies

3

upon to support his allegation of error is the District Court's passing statement at the sentencing hearing that it "pay[s] only the minimum attention to the guidelines that [it is] required to by law." *Id.* at 238. But that statement reinforces the fact that the District Court *did* consider the Guidelines and policy statements; it does not, by itself, give rise to any procedural error.

*Second*, the District Court did not abuse its discretion in failing to provide notice of intent to impose a sentence above the applicable sentencing range of imprisonment because it was not required to do so. *See Pelensky*, 129 F.3d at 71 ("When imposing a sentence for violation of supervised release, the court is bound only by the statutory maximum imposed by Congress, and is therefore under no obligation to provide notice to defendants of its intent to exceed the non-binding sentencing range recommended in Chapter Seven of the Guidelines."). Regardless, Doka had notice of the Probation Office's above-the-Guidelines recommendation prior to sentencing, and this recommendation was before the District Court when he considered the sentence.

*Third*, the District Court adequately explained the reasons for Doka's revocation sentence in open court. Specifically, the District Court explained that the prison sentence was warranted as a measure of "general deterrence," App'x at 241, and in light of the lenient time-served sentence for the original conviction and the seriousness of the violations of supervised release, *see id.* at 235, 250–51. These statements are sufficient under our precedent. *See United States v. Lewis*, 424 F.3d 239, 245 (2d Cir. 2005) ("[A] court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from *guidelines*.") (emphases in original); *accord United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).

Moreover, the District Court did not err or abuse its discretion in failing to provide a written statement of reasons in support of Doka's revocation sentence above the applicable policy statement range because, as we recently held in *Smith*, such written statements are not required. *See Smith*, 949 F.3d at 64–65 (overruling prior precedent to the contrary through our "mini-*en banc*" procedure and holding that "unless and until the Judicial Conference and Sentencing Commission issue a written [statement-of-reasons] form . . . the sentencing judge need not file a written statement of reasons for a [violation of supervised release] sentence that is outside the advisory Guidelines range"). Accordingly, as in *Smith*, the District Court here did not commit procedural error in failing to provide the written statement of reasons. *See id.* at 65–66.

Finally, we reject Doka's challenge to the substantive reasonableness of his revocation sentence as meritless. Despite receiving a lenient sentence for his original conviction, Doka committed serious violations of his conditions of supervised release. Accordingly, an above-Guidelines sentence was appropriate. The sentence principally of imprisonment for 48 months "does not 'shock the conscience' or constitute a 'manifest injustice,' as it is not 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'" *Smith*, 949 F.3d at 67 (quoting

*United States v. Rigas*, 583 F.3d 108, 123–24 (2d Cir. 2009)). In the circumstances presented here, we conclude that the sentence is manifestly not substantively unreasonable.

## CONCLUSION

We have reviewed all of the arguments raised by Doka on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 18, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court