18-589, 18-598
*United States v. Figueroa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of August, two thousand twenty.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> DENNY CHIN,
> > *Circuit Judge*.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          18-589

RAKEEM FIGUEROA, AKA RAWLY, AKA RAKIEN FIGUEROA,

> *Defendant-Appellant*.

_____

---

* Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                               18-598

RAKIEN FIGUEROA,

    *Defendant-Appellant*.

| For Appellee: | JAMES P. MCDONALD (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Seth D. DuCharme, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
|---|---|
| For Defendant-Appellant: | MICHAEL O. HUESTON, ESQ. Brooklyn, NY. |

Appeals from judgments of the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendant-appellant Rakien Figueroa ("Figueroa") appeals from two judgments of conviction entered by the United States District Court for the Eastern District of New York (Ross, *J.*) imposing consecutive sentences consisting principally of 72 months' imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and 18 months' imprisonment for violating the terms of his supervised release.[1]  This order resolves

---

[1] Figueroa is also known as Rakeem Figueroa and Rawly.

both of Figueroa's appeals, which were submitted separately but argued in tandem.[2]  We assume

the parties' familiarity with the underlying facts, the procedural history of the case, and the

issues on appeal.

In case number 18-598, Figueroa principally argues that: (1) the district court erred in

failing to suppress a handgun, ammunition, and other items obtained from the search of a sports

utility vehicle ("SUV"), as well as one of Figueroa's post-arrest statements;[3]  (2) there was

insufficient evidence supporting his felon-in-possession conviction; (3) his motion for a new trial

based on ineffective assistance of counsel was improperly denied; and (4) the district court

miscalculated the applicable Sentencing Guidelines range for his felon-in-possession conviction

by incorrectly finding that his prior second-degree assault conviction under N.Y.P.L. § 120.05(2)

is a crime of violence. In case number 18-589, Figueroa principally argues that: (5) the district

court wrongly found that his felon-in-possession conviction violated a term of his supervised

release and (6) his consecutive 18-month sentence for violating his supervised release was

substantively unreasonable. In a supplemental brief, Figueroa argues that his conviction must be

reversed in light of the Supreme Court's recent decision in *Rehaif v. United States*, which held

that in prosecutions under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove not

only that the defendant knew he possessed a firearm, but also that he "knew he belonged to the

relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019).[4]

---

[2]  We rejected Figueroa's motion to consolidate the appeals on August 31, 2018.

[3]  On appeal, Figueroa only addresses the admissibility of his statement, "[d]id you get it out?" No. 18-598 Appellant's Br. at 38–39. He has therefore abandoned any challenge to the admissibility of his other post-arrest statements. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

[4]  Unless otherwise indicated, case quotations omit all internal quotation marks,

We begin with Figueroa's *Rehaif* challenges, which he raises for the first time on appeal. Figueroa argues that (1) the district court lacked subject matter jurisdiction over his prosecution because the indictment failed to allege Figueroa's knowledge of his prohibited felon status; (2) his conviction is invalid because the government failed to prove his knowledge of his prohibited status; and (3) the district court failed to instruct the jury on this knowledge element. This Court's post-*Rehaif* decisions foreclose these challenges. We squarely rejected Figueroa's jurisdictional challenge in *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019), in which we held that an indictment's failure to allege the defendant's knowledge of his prohibited status was not a jurisdictional defect because the indictment closely tracked the statutory language and stated specific allegations as to the time, place, and nature of the charged crime. *Id.* at 89–92. We see no reason to reach a different conclusion here. *See also United States v. Keith*, 797 F. App'x 649, 651 (2d Cir. 2020) (summary order) (rejecting post-*Rehaif* jurisdictional challenge to indictment failing to allege defendant's knowledge of his felon status).

Figueroa's sufficiency of the evidence and jury instruction challenges are similarly unavailing in light of our decision in *United States v. Miller*, 954 F.3d 551 (2d Cir. 2020). In *Miller*, we rejected the defendant's argument that the district court plainly erred in failing to instruct the jury that § 922(g)(1) requires the government to prove the defendant's knowledge of his felon status. *Id.* at 557–60. We found that the defendant in *Miller* could not satisfy the fourth prong of plain error review—that failing to correct the error would "seriously affect the fairness, integrity, or public reputation of judicial proceedings"—because "reliable evidence in the record on appeal . . . remove[d] any doubt that [the defendant] was aware of his membership in

---

alterations, footnotes, and citations.

4

§ 922(g)(1)'s class." *Id*. at 559–60. Rejecting Figueroa's challenges will similarly not seriously affect the fairness, integrity, or public reputation of judicial proceedings because Figueroa has been convicted of two prior felonies resulting in 30-month and 47-month terms of imprisonment, as indicated by the presentence investigation report. Under these circumstances, Figueroa cannot demonstrate plain error with respect to his sufficiency of the evidence or jury instruction challenges.

Having resolved Figueroa's challenges under *Rehaif*, we address his remaining arguments. *First*, Figueroa argues the district court erred in failing to suppress a handgun, ammunition, and other items recovered from the search of the SUV. "On appeal from a challenged suppression order, we review a district court's findings of fact for clear error, and its resolution of questions of law and mixed questions of law and fact *de novo*." *United States v. Bohannon*, 824 F.3d 242, 247–48 (2d Cir. 2016). After reviewing the record, we affirm the district court's denial of Figueroa's motion to suppress the handgun, ammunition, and other items recovered from the SUV for substantially the reasons given by the district court in its thorough February 26, 2016 order. *See United States v. Figueroa*, Case No. 1:15-cr-00495 (ARR), ECF No. 45.

Figueroa also argues that one of his alleged post-arrest statements should be suppressed because it was obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). We disagree. The district court properly admitted Figueroa's statement as a spontaneous statement not made in response to police questioning. *See United States v. Compton*, 428 F.2d 18, 22 (2d Cir. 1970). The record demonstrates that the statement was "given freely and voluntarily without any compelling influence" and was therefore admissible. *Id*.

5

*Second*, Figueroa argues that there is insufficient evidence supporting his felon-in-possession conviction. We review challenges to the sufficiency of the evidence *de novo*, considering the totality of the evidence and drawing all permissible inferences in the government's favor, and will affirm if any rational jury could have found the defendant guilty beyond a reasonable doubt. *See United States v. Taylor*, 816 F.3d 12, 22 (2d Cir. 2016).

Figueroa is convicted of being a felon-in-possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). To establish that a defendant possessed a firearm, the government can show either actual possession or constructive possession. *United States v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002). Actual possession requires the government to show that the defendant "physically possessed the firearm." *Id*. Constructive possession "exists when a person has the power and intention to exercise dominion and control over an object" and "may be shown by direct or circumstantial evidence." *Id*. "Thus, under constructive possession, an individual can possess a gun within the meaning of the statute without ever physically handling the firearm." *Id*. "In addition, under this theory, possession need not be exclusive." *Id*.

Figueroa argues there was insufficient evidence to prove that he possessed the handgun found in the SUV. He contends the government's case was "circumstantial in the extreme" and merely demonstrated Figueroa's presence at the scene when the handgun was recovered. No. 18-598 Appellant's Br. at 43. The government, however, is permitted to prove its case exclusively with circumstantial evidence. *See United States v. Lorenzo*, 534 F.3d 153, 159 (2d. Cir. 2008). At trial, the government introduced evidence of: (1) an officer's observation of a clip on Figueroa's waistband that looked like it would be attached to a gravity knife; (2) that officer's observations of Figueroa moving an object from his waistband to the driver's side of the vehicle; (3) the

officer's observation that there was no object on Figueroa's waistband when he frisked Figueroa; (4) Figueroa's objection to the search of the SUV and attempt to flee the scene as the search commenced; and (5) Figueroa's statement after being apprehended, among other things. The government also introduced evidence linking Figueroa's DNA to the handgun. Drawing all permissible inferences in favor of the government, we find that there was sufficient evidence to convict Figueroa under 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

*Third*, Figueroa argues that the district court abused its discretion in denying his motion for a new trial based on ineffective assistance of counsel. Figueroa argues his counsel at the suppression hearing and at trial were ineffective principally because they failed to (1) cross-examine a police officer about "the implausibility of seeing what [the officer] claimed" and (2) call Figueroa's co-arrestee as a witness or introduce the co-arrestee's statements as statements against the co-arrestee's interest. No. 18-598 Appellant's Br. at 45.[5]

Federal Rule of Criminal Procedure 33 provides that a district court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The discretion so conferred should be used "sparingly," and only "in the most extraordinary circumstances" because the "ultimate test on [such a] motion is whether letting a guilty verdict stand would be a manifest injustice." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). We review a district court's denial of a Rule 33 motion for abuse of discretion. *E.g.*, *United States v. Guang*, 511 F.3d 110, 119 (2d Cir. 2007).

---

[5] Figueroa also argues in a *pro se* submission that his counsel was ineffective in neglecting to challenge the application of "any career offender [sentencing] enhancement." No. 18-598 Appellant's Suppl. Reply Br. p. 9. To the extent that Figueroa is arguing that his counsel failed to challenge his sentencing as a career offender under the Sentencing Guidelines, that argument fails because Figueroa was not sentenced as a career offender.

"When faced with a claim of ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. DeLaura*, 858 F.3d 738, 743 (2d Cir. 2017). The first of these is the preferred method for handling such claims because "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). By contrast, the third option is only appropriate if (1) "the defendant has a new counsel on appeal" and (2) "argues no ground of ineffectiveness that is not fully developed in the trial record." *United States v. Yauri*, 559 F.3d 130, 133 (2d Cir. 2009) (per curiam). The resolution of the ineffective assistance of counsel claim must be "beyond any doubt" or "in the interest of justice." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004).

Figueroa challenges his counsels' decisions to call and examine witnesses—inherently strategic determinations, *see Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002). However, the record before us is not sufficiently developed to resolve Figueroa's ineffective assistance claim on direct appeal. In keeping with the general practice of this Court, we decline to address Figueroa's arguments at this time, and affirm the conviction without prejudice to Figueroa renewing his ineffectiveness claim in an appropriate motion. *See Massaro*, 538 U.S. at 504–05.

*Fourth*, Figueroa objects to the district court's 72-month sentence for his felon-in-possession conviction as procedurally unreasonable. Figueroa argues that the district court

miscalculated the applicable Sentencing Guidelines range for the conviction by incorrectly finding that Figueroa's prior second-degree assault conviction under N.Y.P.L. § 120.05(2) is a crime of violence. We need not address this argument because the district court expressly stated that it would have imposed the same sentence regardless of whether N.Y.P.L. § 120.05(2) is a crime of violence. Accordingly, "even if the district court erred in calculating [Figueroa's] Guidelines range—an issue we do not reach—such error would be harmless." *United States v. Torres*, 738 F. App'x 36, 36 (2d Cir. 2018) (summary order).

*Fifth*, Figueroa argues that the district court abused its discretion in finding that his felon-in-possession conviction violated a condition of his supervised release. This argument simply recasts Figueroa's unsuccessful suppression and sufficiency of the evidence arguments. As a condition of his supervised release, Figueroa was prohibited from committing another federal, state, or local crime. While on supervised release, Figueroa was convicted of the felon-in-possession offense in a jury trial. That conviction more than satisfies the district court's obligation to find by a preponderance of the evidence that Figueroa committed another crime in violation of his conditions of release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Glenn*, 744 F.3d 845, 847–48 (2d Cir. 2014) (per curiam).

*Finally*, Figueroa objects to the district court's imposition of a within-Guidelines consecutive 18-month sentence for his violation of supervised release as substantively unreasonable because (1) the court failed to provide him with a downward variance from the Guidelines in light of mitigating circumstances including his socio-economic status, lack of youthful guidance, and drug dependency, and (2) the court failed to run the 18-month sentence concurrently with the 72-month sentence imposed for his felon-in-possession conviction. We are

9

not persuaded. Under the Sentencing Guidelines, "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served *consecutively* to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3(f) (emphasis added).

Moreover, the district court weighed the factors that Figueroa raises on appeal in its analysis of the factors enumerated in 18 U.S.C. § 3553(a). It reasonably put significant weight on Figueroa's lengthy criminal history. Figueroa's arrest on the felon-in-possession charges at issue in these appeals came just months after he was released from incarceration in connection with a prior conviction. While we do not presume that within-Guidelines are substantively reasonable, *see United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010), the district court's sentence was well within the range of permissible decisions.

We have considered Figueroa's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10