19-3613-cr
*United States v. Farnham*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-one.

PRESENT:     JOSÉ A. CABRANES,
             GERARD E. LYNCH,
                        *Circuit Judges,*
             VICTOR MARRERO,
                        *District Judge.* *

UNITED STATES OF AMERICA,

        *Appellee,*                                    19-3613-cr

        v.

MARK FARNHAM, AKA JAXON HOLLIENAN,

        *Defendant-Appellant,*

SERGIY BEZRUKOV, AKA JOHN BUTLER, AKA THOMAS PARIS, AKA CHRISTOPHER RILEY, AKA CHRIS RILEY, AKA KERRY P. (PATRICK) CLANCY, AKA ROBERT FOSS, AKA OWEN WILSON,

        *Defendant.*

---

\* Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLEE:**

Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY.

**FOR DEFENDANT-APPELLANT:**

James M. Branden, New York, NY.

Appeal from an order of the United States District Court for the Western District of New York (Lawrence J. Villardo, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Mark Farnham ("Farnham") appeals from a sentence imposed following a violation of his terms of supervised release. Farnham originally pleaded guilty to conspiracy to commit bank fraud and was sentenced principally to time served and five years' supervised release. Just over a month later, the Probation Office filed a petition alleging that Farnham had violated the terms of his supervised release. At the violation hearing, the District Court found that the Government had proven by a preponderance of the evidence that Farnham had violated the terms of his supervised release by engaging in forcible touching, in violation of New York State Penal Law § 130.52. The District Court then sentenced Farnham to the statutory maximum sentence of three years' imprisonment and two years' supervised release. Judgment entered on October 24, 2019. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Farnham challenges the evidence presented at his hearing as insufficient to support a finding of a violation of supervised release. "A district court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Glenn*, 744 F.3d 845, 847 (2d Cir. 2014) (internal quotation marks omitted). We review a district court's finding of a violation of supervised release for an abuse of discretion and its factual findings for clear error. *United States v. Carlton*, 442 F.3d 802, 811 (2d Cir. 2006). We accord "strong deference to a district court's credibility determinations, particularly where that court based its findings on such determinations." *Id.* Here, the District Court explicitly based its violation finding on its credibility determinations rejecting Farnham's testimony and crediting the alleged victim, whose testimony established all elements of the charged violation. We therefore cannot conclude that the District Court's finding by a preponderance of the evidence that Farnham committed forcible touching in violation of the conditions of his supervised release was clearly erroneous.

"Our review of challenged sentences is generally limited to reasonableness." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (quoting *United States v. Booker*, 543 U.S. 220, 261-64 (2005)) (quotation marks omitted). Such review is "akin to review for abuse of discretion." *United*

*States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Reasonableness review involves both "substantive and procedural dimensions." *United States v. Sindima*, 488 F.3d 81, 84 (2d Cir. 2007). We find a sentence procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013). For a violation of supervised release sentencing, the degree of specificity required is less than for plenary sentencing, but the district court must still state its reasons in open court. *See United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). On appeal, Farnham primarily challenges the substantive reasonableness of his sentence. "In the substantive dimension . . . we determine whether the length of the sentence is reasonable, focusing our attention on the district court's explanation of its sentence in light of the factors detailed in 18 U.S.C. § 3553(a)." *Sindima*, 488 F.3d at 84 (internal citations and quotation marks omitted).

On our review of the record, we cannot conclude that the District Court's sentence was either procedurally or substantively unreasonable.

Procedurally, the District Court correctly calculated the applicable Guidelines range and considered the relevant sentencing factors and Guidelines policy statements. *See* 18 U.S.C. § 3583(e). "In formulating sentencing ranges for violations of probation and supervised release, the Sentencing Commission specifically limited itself to policy statements rather than formal guidelines." *Verkhoglyad*, 516 F.3d at 128. These are, of course, non-binding. *Id.* Here, the District Judge correctly noted that U.S.S.G. § 7B1.4 specifies a range of three to nine months with a maximum of three years for a violation like the one committed by Farnham, whose criminal history is I. The District Judge also correctly observed that the policy statements in Chapter 7 of the guidelines allow for an upward departure from this range where the sentence for the underlying conduct was the result of a downward departure. U.S.S.G. § 7B1.4 n.4. Farnham's sentence is therefore not procedurally unreasonable.

Substantively, Farnham argues that the District Court sought to impermissibly punish him for the violation conduct by imposing the maximum sentence. We disagree. Our review of the sentencing transcript reveals that the District Court adequately explained its upward departure from the range specified in § 7B1.4. At sentencing, the District Judge noted, among other things, (1) that Farnham's violation occurred just 33 days into his supervised release, (2) that Farnham had offended after the District Court had granted leniency in sentencing, and (3) that a three-year term of imprisonment "is necessary to deter your future criminal conduct, to deter others, and to protect the public." App'x 55. Accordingly, we cannot find that the District Judge's sentence was substantively unreasonable.

Finally, Farnham argues that we should remand the case to the District Court for failure to issue a written statement of reasons. But, as Farnham correctly recognizes, we recently held that

"unless and until the Judicial Conference and the Sentencing Commission issue a written [statement of reasons] form for the [violation of supervised release] sentences in compliance with [28 U.S.C.] §994(w)(1)(B), the sentencing judge need not file a written statement of reasons for a VOSR sentence that is outside the advisory Guidelines range." *Smith*, 949 F.3d at 65.

## CONCLUSION

We have reviewed all of the arguments raised by Farnham on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 24, 2019 judgment of conviction of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk