20-609-cr
*United States v. Dixon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-one.

Present:

> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                           20-609-cr

JERMAL DIXON,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Micah Festa Fergenson, Danielle R. Sassoon, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jermal Dixon appeals from a judgment of revocation entered on February 3, 2020, in the United States District Court for the Southern District of New York (Rakoff, *J.*), following Dixon's violation of supervised release on six specifications. In the district court, Dixon admitted and pleaded guilty to two specifications but denied the rest. Following an evidentiary hearing, the district court found by a preponderance of the evidence that Dixon was guilty of the four remaining specifications. On January 27, 2020, the court sentenced Dixon to eight months of imprisonment, which the court described as having been imposed concurrently on each specification, followed by three years of supervised release. We assume the reader's familiarity with the record.

Dixon challenges the sufficiency of the evidence supporting the district court's determination that he was guilty by a preponderance of the evidence on one specification: possession of cocaine with intent to sell. For the reasons stated below, we affirm the judgment of the district court.

We review a district court's finding that a defendant has violated conditions of supervised release for abuse of discretion, and its factual findings for clear error. *United States v. Glenn*, 744 F.3d 845, 847 (2d Cir. 2014). "A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left with the definite and firm conviction that a mistake has been committed." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) (internal quotation marks omitted).

The Government argues that Dixon's appeal is moot because he has completed his carceral sentence and vacating just one specification would be very unlikely to result in a reduction of his supervised release term. But the specification Dixon challenges was the only one based on his intent to sell cocaine, and it was this conduct—Dixon's return to "the same basic kind of activity that had got him in trouble in the first place"—that the district court emphasized in explaining the revocation sentence it imposed. App'x 145. Thus, were we to vacate the district court's finding of guilt on that

2

specification, there is more than a "remote and speculative possibility" that the district court would impose a lesser term of supervised release on remand. *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010).

We decline to vacate that finding, however, because we discern no error, clear or otherwise, in the district court's factual determination that a preponderance of the evidence supported a finding that Dixon possessed cocaine with intent to sell. The evidence for that conclusion was compelling. When a police officer approached Dixon, sitting in the driver's seat of an idling vehicle with another man in the passenger seat, the officer observed what appeared to be crack cocaine in a cookie box between Dixon's seat and the door frame. The officer asked Dixon to exit and stand by the rear of the vehicle, but Dixon became very nervous and attempted to flee the scene. After apprehending Dixon, police found two small bags of marijuana and $815 in cash on his person. A search of the vehicle revealed two cell phones and, from the cookie box, two plastic twists, with each twist containing about ten grams of crack cocaine. Text messages obtained from one of the phones indicated that Dixon's passenger was planning to purchase "tens"—an apparent reference to the ten-gram bags of cocaine. App'x 87-89.

This factual mosaic strongly suggested that Dixon possessed and intended to sell cocaine. In ascertaining Dixon's "knowledge and intent," the district court was entitled to consider "circumstantial evidence" and to make "reasonable inferences drawn therefrom." *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004). Lacking a "definite and firm conviction" that the district court erred in concluding that Dixon intended to sell cocaine, *Cramer*, 777 F.3d at 601, we reject Dixon's challenge to the revocation of his supervised release.

\*     \*     \*

We have considered Dixon's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk