21-965-cr
United States v. Mojica

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of April, two thousand twenty-two.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                          *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

          v.                                                      21-965-cr

JASON MOJICA, a/k/a SEALED DEFENDANT 1,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Robert J. Boyle, New York, N.Y.

Appearing for Appellee:      Jim Ligtenberg, Assistant U.S. Attorney (Danielle R. Sassoon, Assistant U.S. Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jason Mojica appeals from the April 6, 2021 judgment of the United States District Court for the Southern District of New York (Abrams, *J.*), revoking his term of supervised release and sentencing him to 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Mojica argues that the district court abused its discretion by relying on hearsay statements made by Individual-1 to Detective Jeff Grater and Bronx Assistant District Attorney Shauna Payyappilly. We conclude that the district court had good cause to rely on hearsay, pursuant to *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006).

A district court may revoke a term of supervised release if it finds, by a preponderance of the evidence, that the defendant violated one or more conditions of supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Glenn*, 744 F.3d 845, 847-48 (2d Cir. 2014). A revocation proceeding is "not deemed part of a criminal prosecution, and, therefore, defendants in such proceedings are not entitled to the full panoply of rights that criminal defendants generally enjoy." *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (internal quotation marks omitted). A defendant in a revocation hearing is entitled to "appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). Because the Federal Rules of Evidence do not apply in such a proceeding, the district court may consider out-of-court statements that would otherwise be inadmissible hearsay if the district court finds good cause to do so. *See Carthen*, 681 F.3d at 100 ("A proffered hearsay statement that falls within an established exception is of course admissible in a VOSR hearing. For statements that would be inadmissible under the Federal Rules of Evidence, a determination of 'good cause' [applies]."). Rule 32.1 requires the district court to balance the defendant's interest in confronting the declarant against the government's reasons for not producing the witness and the reliability of the proffered hearsay. *Williams*, 443 F.3d at 45. However, if the declarant's absence is the result of intimidation or "chicanery" by the defendant, then the defendant's interest in confronting the declarant is entitled to little weight. *Id.* We "review [a] [district] court's balancing of the Rule 32.1 factors for abuse of discretion." *Id.* at 46.

First, the district court properly placed little weight on Mojica's interest in confronting Individual-1. Mojica attempted to bribe or intimidate Individual-1 from testifying as shown by the transcripts of the recorded jail calls. Although Mojica argues the calls demonstrate he was unsuccessful, it was reasonable for the district court to infer that Individual-1 was fearful of what Mojica could do to him, since he was allegedly stabbed by Mojica; and that Individual-1 may have learned that Mojica intended to intimidate him into refusing to cooperate. In any event, good cause justifying the absence of a declarant exists where the defendant "has a history of violent conduct that makes reprisal against the declarant a possibility." *Carthen*, 681 F.3d at 101 (alterations and quotation marks omitted). Mojica is a gang member with a reputation for violence and fifteen prior convictions, including multiple assault convictions, at least one of which was for assaulting a child. Furthermore, we have held that a victim's fear of a defendant can support a finding of good cause, even without explicit threats. *United States v. Harris*, 838 F.3d 98, 108 (2d Cir. 2016) (finding that the underlying assault could itself be viewed as retaliation).

Second, the district court did not abuse its discretion in finding that the government's reasons for not producing the declarant weighed in favor of accepting the out-of-court statements. The government was unable to locate Individual-1. In *Carthen*, we found good cause to admit out-of-court statements where the government did not call certain witnesses to testify who had indicated a "desire not to testify." 681 F.3d at 101. Here, the government actually attempted to contact the witness. Mojica argues that the district court did not inquire into whether the government made sufficient efforts to locate and produce Individual-1, but the record is clear that the government attempted to contact Individual-1 repeatedly. The parties stipulated and agreed below that investigators with the U.S. Attorney's Office took steps to locate Individual-1, including "visiting Individual-1's last known address, calling Individual-1's last known phone number, speaking with Individual-1's family members about his location, surveilling locations Individual-1 is believed to frequent, and attempting to track the use of Individual-1's benefit card." Appellee's Add. at 1-2. Additionally, Payyappilly testified that she "tried calling [Individual-1], texting him, asked the arresting detective [his] last known addresses[,] [and went] to the deli where this happened [to] see if anyone ha[d] seen him." App'x at 57. She also "called over about 30 phone numbers trying to find someone who maybe knew [Individual-1], but ultimately [] couldn't locate him." App'x at 57-58. The record demonstrates that the government made numerous attempts to contact Individual-1, so the district court appropriately credited this reason for not producing the declarant.

Finally, the district court considered the "reliability of the proffered hearsay." *Williams*, 443 F.3d at 45. The district court found Individual-1's "account to be detailed, consistent, and corroborated" because it was largely consistent from Individual-1's first account moments after the stabbing through his interviews with Grater and Payyappilly. *United States v. Mojica*, No. 19-CR-280 (RA), 2021 WL 982458, at *7 (S.D.N.Y. Mar. 16, 2021). Individual-1's account was corroborated by medical records, photographs, and body camera footage. *Id.*

Mojica argues that Individual-1 is untrustworthy due to his extensive criminal record. Mojica also points out that Individual-1's story was internally inconsistent because he told Grater that the stabbing took place on the same day that he and Mojica took drugs, whereas he told Payyappilly that he took drugs with Mojica the day before the stabbing. Although Individual-1's criminal history and this minor inconsistency in his story weigh against admitting the out-of-court statements, we do not believe it was abuse of discretion for the district court to find that these concerns are "outweighed here by other indicia of reliability, namely the consistency of his statements and their corroboration by other evidence in the record." *Id.*; *see also Carthen*, 681 F.3d at 100 (admitting "hearsay portions of [] evidence" that "were detailed, credible," and "corroborated by other evidence").

We have considered the remainder of Mojica's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3